WILSON v. WATKINS.

1. THIS DEED construed to carry only life estate to grantee.
2. DEED—WORD AND PHRASES.—The word "heirs" in the warranty of
   a deed cannot be made to operate so as to enlarge the estate conveyed
   by the *premises* and *habendum* clauses.
3. DEED—REFORMATION OF INSTRUMENT.—A written instrument will
   not be reformed unless it be shown that the parties to it had agreed
   on a certain contract, and the writing, by mistake in drawing, does
   not express such contract.
4. DEED — LIFE ESTATE — REMAINDERMEN — DISTRIBUTION. — The
   grantee of the son holding a life estate by deed from the father, with
   remainder to heirs of the father, conveyed after death of father, takes
   the distributive share of the son.

Before TOWNSEND, J., Anderson, August, 1896.  Modified.

Action by Mrs. Amanda C. Wilson and the other heirs at
law of J. C. Eaton against William Watkins for possession
of a tract of land and partition among themselves.

The Circuit Judge filed the following deeree:

In this action the plaintiffs seek to recover possession of a tract of land, and to partition it among them. · The facts reported by the special referee show that J. C. Eaton made a deed to said land to R. G. Eaton on the 16th July, 1874, which was duly recorded; that on the    day of January, 1879, R. G. Eaton made a deed to said land to the defendant, Wm. Watkins; that J. C. Eaton died in 1877, and R. G. Eaton in 1894; that R. G. Eaton never had any children, and the plaintiffs are the legal heirs of J. C. Eaton. It is also in proof that $500 would be a full price for the fee simple title to said land at the time it was conveyed to R. G. Eaton, and that $90 was a fair rental value thereof for one year. The plaintiffs contend that the deed from J. C. Eaton to R. G. Eaton conveyed only a life estate in said land, and that they were entitled to possession thereof immediately on the death of R. G. Eaton in December, 1894, basing their claim both upon the habendum clause of said deed and also upon a certain condition expressed in said deed. The defendant, Wm. Watkins, contends that J. C. Eaton conveyed a fee simple title to R. G. Eaton, and that R. G. Eaton conveyed the same to him, and that plaintiffs have no cause of action. The habendum clause in the deed from J. C. Eaton to R. G. Eaton is as follows: "To have and to hold, him and his forever;" and the condition above mentioned is as follows: "If the said R. G. Eaton shall die without children, then the said premises revert back to said J. C. Eaton or his legal heirs." The defendant contends that the habendum clause, as it is written in the deed, has no meaning, and that as J. C. Eaton intended to convey a fee simple title, apt words to convey such title should be inserted in said clause, so that it will read as follows: "To have and to hold, him and his heirs forever." In the entire absence of any testimony showing such intention on the part of J. C. Eaton as that the parties to said deed, or either of them, intended to insert in said clause the words now sought to be inserted therein, I must leave it as it is written in the deed. The defendant contends further, however,

that the deed taken as a whole (and especially the warranty
clause) shows that the grantor, J. C. Eaton, intended to
convey a fee simple title.    But the inference to be drawn
from the warranty clause and the other parts of the deed
referred to are not sufficient to support the reformation
sought for.    *Jordan* v. *Neece,.* 36 S. C., 295.    I therefore
conclude that R. G. Eaton took only a life estate in said
land from J. C. Eaton, and that at the death of R. G. Eaton
the plaintiffs were entitled to possession of said land; and
that the defendant is liable to the plaintiffs for the rent
thereof since the death of R. G. Eaton.

It is, therefore, ordered, adjudged, and decreed, that the
plaintiffs recover possession of said land from the defend-
ant, and $135 for the use thereof by defendant since De-
cember, 1894, and judgment is rendered for said amount,
$135, against the defendant, Wm. Watkins.    It is further
ordered, that said land be sold for partition among the
plaintiffs, and the proceeds be held till the further order of
this Court.    It is further ordered, that plaintiffs have leave
to apply at chambers for further orders in this cause.

From this decree the defendant appeals, alleging the fol-
lowing errors:

1st.  Because his Honor erred in holding that R. G. Eaton
took only a life estate in the land from J. C. Eaton, and that
at the death of R. G. Eaton the plaintiffs were entitled to the
possession of said land, and that the defendant is liable to the
plaintiffs for the rent thereof since the death of R. G. Eaton.

2d.  Because he erred in decreeing that plaintiffs recover
possession of said land from the defendant and also $135 for
the use thereof, and in rendering judgment for that amount.

3d.  Because he erred in not holding that the habendum
clause of the deed from J. C. Eaton to R. G. Eaton, which
is as follows, "to have and to hold him and his forever,"
bears upon its face a clerical omission of some word or words,
and it being a clerical error, the Court had authority and
should reform the deed by supplying the omitted words.

4th. Because his Honor erred in not holding that the words "to" and "heirs" were the words omitted from said habendum clause, and in not reforming said clause to make it read, "to have and to hold 'to' him and his 'heirs' forever."

5th. Because he erred in holding that there was entire absence of any testimony showing that J. C. Eaton or the parties to said deed, or either of them, intended to insert in said clause the words now sought to be inserted therein.

6th. Because he erred in deciding to leave the deed from J. C. Eaton to R. G. Eaton as he found it written, and in refusing to reform the deed according to its plain intent and meaning.

7th. Because he erred in holding that the warranty clause and the other parts of the deed referred to are not sufficient to support the reformation sought for.

8th. Because his Honor erred in not holding that J. C. Eaton intended R. G. Eaton to have the fee in said land, and that the fee should remain in him and descend to his children, if he should have children, and only in the event of his failure to have children that the land was to revert back to J. C. Eaton or his legal heirs, and that the deed when construed as a whole, and giving effect to every part of it, plainly and unmistakably showed that such was the intention, and that this intention could not be carried into effect unless the words "to" and "heirs" were inserted in the said habendum clause, and being necessary words to carry into effect the intention of J. C. Eaton, and being omitted evidently by oversight or mistake, they should now be inserted in the deed.

9th. Because his Honor erred in not holding that there was evidence to show that it was the intention of both J. C. Eaton and R. G. Eaton that R. G. Eaton should take the fee in said land.

10th. Because he erred in not holding that the habendum clause in said deed bore upon its face that some word or words were accidentally omitted, and that the testimony and the other parts of the deed, especially the warranty

clause, and the two conditions attached to the deed, plainly showed that the words omitted were "to" and "heirs," and that these words were omitted by oversight or mistake, and that it was the intention of both grantor and grantee that they should be written in the deed, and that effect could only be given to all parts of said deed by inserting the said words therein.

11th. Because he erred in refusing to reform said clause, making it read, "to have and to hold, to him and his heirs forever," and in not holding that said deed, when so reformed, becomes a fee simple deed, and that the condition, "that in the event of R. G. Eaton dying without children, the land should revert back to J. C. Eaton or his legal heirs," attached to the end of the deed, was a condition repugnant to the deed itself, and surplusage, and was, therefore, void and inoperative, leaving the deed to operate as a deed in fee simple.

12th. Because he erred in not holding that R. G. Eaton took from J. C. Eaton a deed in fee simple to said land, and that R. G. Eaton having the fee simple title to said land, and having conveyed the same in fee simple to the defendant, Wm. Watkins, the defendant is now the owner of said land in fee simple, and is entitled to retain possession thereof, and that the plaintiffs have no right, title or interest to said land, nor to the rents thereof.

13th. Because his Honor erred in not rendering judgment for the defendant and in not dismissing the complaint.

*Messrs. Simpson & Hood,* for appellant, cite: 38 S. C., 420; 1 McC. Ch., 9; 29 S. C., 470; 2 McC. Ch., 484; 17 S. C., 536; 16 S. C., 170; 15 S. C., 442; 2 Strob. Eq., 101; 6 Rich., 58; 16 S. C., 310; 33 S. C., 301.

*Mr. J. E. Breazeale,* contra, cites: 17 S. C., 532; 20 S. C., 429; 44 S. C., 31; 38 S. C., 191; 36 S. C., 295.

Feb. 26, 1897. The opinion of the Court was delivered by MR. JUSTICE POPE. The decree of his Honor, Judge

Townsend, and the exceptions thereto, will be reported.
An inspection of the "Case" shows that this contention is
made to depend on the construction of the deed of J. C.
Eaton to R. G. Eaton—grantor's son—executed on the 16th
day of July, 1874, for the tract of land in dispute. This
deed was duly recorded in the office of the register of mesne
conveyance for Anderson County, in this State, on the 17th
November, 1874. The defendant, William Watkins, in the
year 1879, received a deed therefor in fee simple from the
said R. G. Eaton. Before entering upon a construction of
the deed, we will state that J. C. Eaton held said tract of
land in fee simple when he made the deed to his son, R. G.
Eaton, in 1874, and that said J. C. Eaton died in the year
1877, survived by the said R. G. Eaton, Amanda C. Wilson,
Lucinda Richey, Margaret Harris, L. Ross Eaton, and E. B.
Eaton, as his children, and his grand-children, Leonedas
Davis, Ulus Lee Cole, Nettie Perry, the children of his
daughter, Mrs. Alithee Davis, deceased; Zoa Eaton and
Greek Eaton (who were the children of his predeceased son,
John Eaton); thus leaving his estate divisible into eight
shares—one to each of his children named and one divisible
among his grand-children as the children of his predeceased
daughter, Mrs. Alithee Davis, and one share divisible among
his grand-children as the children of his predeceased son,
John Eaton. Now, then, we will set forth the deed we are
required to construe: "South Carolina, Anderson County.
Know all men by these presents, that I, J. C. Eaton, of the
State and county aforesaid, for and in consideration of the
sum of $718, to me in hand paid by R. G. Eaton, do hereby
grant, bargain, sell and release to the said R. G. Eaton, all
that tract of land, situate in the State and county aforesaid,
bounded by lands of * * * containing eighty-three acres;
together with all and singular the rights, members, heredit-
aments and appurtenances thereunto belonging, or in any
wise incident, to have and to hold him and his forever.
And I do hereby bind myself, my heirs, executors and ad-
ministrators, to warrant and forever defend the said premises

unto the said R. G. Eaton and his heirs, conditioned that
the said R. G. Eaton shall pay or cause to be paid to Mar-
garet Harris, wife of John Harris, the sum of $76.50, and
the same amount to Letha Davis, wife of A. S. Davis, to be
paid in four equal and annual instalments, the first payment
to be made on the 25th day of December, 1875. Conditioned
further, that if the said R. G. Eaton shall die without child-
ren, then the said premises to revert back to the said J. C.
Eaton or his legal heirs. Conditioned further, that if the said
R. G. Eaton shall fail to pay to the said Margaret Harris and
the said Letha Davis the above named amounts at or before
the time specified, then this deed to be null and void and of
none effect. Witness my hand and seal, this the 16th day
of July, in the year of our Lord 1874. J. C. Eaton. (Seal.)
Signed, sealed and delivered in presence of U. G. Smith and
L. Ross Eaton." We will remark just here that there is no
evidence in the "Case" as to the payments of $76.50 each to
Margaret Harris and Letha Davis, as provided for in the
deed. It is admitted that R. G. Eaton died childless (and
that he never had any children) on the 18th December, 1894.

An inspection of the deed shows that both in the pre-
mises and habendum clauses a life estate alone in this land
is granted to "R. G. Eaton," for in the former the
grant is to "R. G. Eaton," without any words of in-
heritance, and in the latter the words are "to have
and to hold, him and his forever." As was remarked by
Mr. Chief Justice McIver, in *Vain* v. *Vain*, 32 S. C., at
page 85: "There are no words of inheritance therein indi-
cating a larger estate than one for life, which is absolutely
necessary in a deed where a larger estate is intended to be
conveyed. Nor are there any words therein limiting the
estate to an interest less than life. Under such circum-
stances, the principle is elementary that a life estate is con-
veyed." This decision has been repeatedly recognized and
followed by this Court. But the appellant insists that the
words in the warranty clause of the deed, "to the said R.
G. Eaton and his heirs," should be made to operate

on the words used in the *premises* and *habendum* so as to enlarge the words there used to "his heirs and assigns." This Court, in the case of *Jordan* v. *Niece*, 36 S. C., at page 301, held: "It is very obvious that the deed upon its face, owing to the absence of any words of inheritance in the conveying part, creates nothing but a life estate in the plaintiff; but plaintiff contends that by operation of an equitable estoppel, *arising from the use of the word 'heirs' in the warranty clause*" (italics ours), "as well as from the long possession of the plaintiff and the acts of the parties, the estate should be construed to be an estate in fee, and not a mere life estate. It is conceded that an estate cannot be enlarged by the warranty, but the contention, as we understand it, on the part of the plaintiff, is, that the use of the word 'heirs' in the warranty clause is sufficient to show that the real intention of the grantor was to convey the fee, and that she and those claiming under her are estopped from disputing a construction in accordance with such intention. We cannot accept this view, for, if it should be adopted, it would fritter away and practically destroy the well settled and conceded rule that the warranty clause cannot operate so as to enlarge the estate granted. Indeed, in most cases where a deed, drawn by unskilled draughtsmen (as it is suggested in the case at bar this deed was so drawn), fails to carry the fee by reason of the omission of the requisite words of inheritance, the real intention of the parties is defeated; and we do not think the use of the word 'heirs' in the warranty clause can be used to establish such intention, especially where found in a deed so inartificially drawn as this is." These decisions clearly establish the proposition that the use of the word "heirs" in the warranty of a deed to land cannot be made to so operate as to enlarge the estate conveyed by the *premises* and *habendum* clauses of a deed.

But appellant insists that this deed should have been reformed by the Circuit Judge so as to effectuate the words "him and his" in the habendum clause to be "unto

him and his heirs." We do not find anything in the deed to require this, and we have searched the "Case" to see if any testimony therein appeared to show what the contract or agreement of J. C. Eaton and R. G. Eaton really was, but we find nothing there. The principles underlying this doctrine of reformation are fully discussed in *Brock* v. *O'Dell*, 44 S. C.; and at page 31 of that case this Court held: "The principle upon which courts enforce a reformation of an instrument is, that preceding the execution of an instrument, and as the inducement to its execution, the parties to the same had an understanding, an agreement, a contract, and in the effort to reduce the evidence in writing of that contract a mutual mistake was made, by which mistake so made the understanding, the agreement, the contract of the parties in relation to the subject matter thereof was not carried into effect. There is no ignorance of law in such contingency. The parties knew what they wished to have done, and had agreed that it should be done; the mistake occurred in the preparation of the instrument which was intended to embody that agreement, understanding, contract." Looking at the terms of the deed itself, it seems to us that the intention of the parties that only a life estate was to be conveyed by J. C. Eaton to R. G. Eaton is reinforced by the language of the condition, which provides that if R. G. Eaton should die without children, then the lands should revert to J. C. Eaton or his legal heirs. There had been no effort in the premises or habendum to limit the estate therein conveyed to the children of R. G. Eaton, and it seems to us that the language herein referred to emphasizes the intention of the grantor that no greater estate than one for life should vest in R. G. Eaton. On the whole, we are not inclined to hold that the Circuit Judge committed any error in refusing to reform the deed as prayed for by the defendant.

In considering the second ground of appeal, we think the appellant is entitled to a modification of the Circuit decree in two particulars: First, the defendant, William

Watkins, is clearly entitled under his deed from R.
G. Eaton, to hold the share of said R. G. Eaton, as
an heir at law of J. C. Eaton, his father, which share
is one-eighth of the land in dispute. Second, the defend-
ant, William Watkins, is entitled to retain as his own one-
eighth of the rents of the land, from 1st January, 1895, to
the present time. Referring to these modifications of the
Circuit decree, we suppose it was overlooked by the parties
and the Circuit Judge, that when J. C. Eaton conveyed a
life estate in these lands to his son, R. G. Eaton, the fee
was still in J. C. Eaton, and when J. C. Eaton died in 1877,
R. G. Eaton was alive and became vested, by operation of
law, with one-eighth part of said land. Being so vested
with this title when he sold in 1879 to William Watkins,
he conveyed all the estate he had therein. Then, too, hav-
ing invested the defendant with his share of his father's
lands, whatever rents and profits there were from 1st Jan-
uary, 1895, issuing out of these lands, were to the extent of
one-eighth part thereof his property. We think in the fore-
going views we have considered all the grounds of appeal.

It follows, therefore, that the decree appealed from must
be sustained, except that William Watkins is entitled to be
paid one-eighth of the proceeds of sale, and he is also en-
titled to retain as his own one-eighth part of the rents and
profits. With this modification the decree will be affirmed.

It is the judgment of this Court, that the judgment of
the Circuit Court be affirmed, subject to the modifications
herein announced; and that the case be remanded to the
Circuit Court, with directions that the modifications herein
required be made.