## 6550

### WILSON v. GARLAND.

1. LIMITATION OF ESTATES.—A DEED without words of inheritance in the premises and without *habendum* clause, but having a covenant of warranty to grantee for life, and after her death to her children, carries only a life estate to grantee.
2. REHEARING *refused*.

Before HYDRICK, J., Clarendon. September, 1906. Affirmed.

Action by J. B. Wilson and others against J. Hamilton Garland. From judgment for defendant, plaintiffs appeal.

*Messrs. A. B. Stuckey* and *Jno. S. Reynolds,* for appellants, cite: 42 S. C., 345; 35 S. C., 327; 28 S. C., 129; 23 S. C., 235; Wash. Real. Prop., 2313, 2361.

*Messrs. Wilson & DuRant,* contra, cite: 26 S. C., 665; 26 S. E., 665; 15 S. E., 202.

The opinion in this case was filed on March 13, 1907, but remittitur held up on petition for rehearing until

June 3, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. On the 26th of September, 1906, the action between the parties above mentioned came

on for trial before his Honor, Judge Hydrick, without a jury.

The decree of Judge Hydrick was in favor of the defendant, and the complaint was dismissed.

The plaintiff appeals from the judgment of the Circuit Court upon these grounds:

"1. For that his Honor held that in the certain deed of conveyance from Marida Hicks to Catharine Singletary, dated the 9th day of February, A. D. 1839, the words 'after her death to her children' constitute a part of the warranty clause of said deed.

"2. For that his Honor should have held that the said words 'after her death to her children' constitute a sufficient habendum to said children.

"3. For that his Honor should have held that by the said deed of conveyance the title to the premises therein described vested in the said Catharine Singletary, for and during the term of her natural life, with remainder to her children.

"4. For that his Honor should have adjudged that the plaintiffs are entitled to recover of the defendant the premises aforesaid, as demanded in the complaint."

The deed which is to be construed is in these words:

"State of South Carolina, Sumter District. Know all men by these presents, that I. Meredith Hicks, of the State of South Carolina and District aforesaid, planter, for and in consideration of the sum of seventy dollars to me paid in hand by Joseph Singletary, of the State and District aforesaid, the receipt whereof I do hereby acknowledge, that I have granted, bargained, sold and released unto Catharine Singletary, daughter of the said Joseph Singletary, of the same place, a tract of land containing one hundred and fifty acres, more or less, it being * * *. And I do hereby bind myself, my heirs and assigns, executors and administrators, and every other person whomsoever lawfully claiming or to claim the same, or any part thereof, to warrant and forever defend all and singular the premises before men-

tioned, unto the said Catharine Singletary her life time, and after her death to her children.

"Witness, etc.   1839.                    Marady Hicks."

Catharine Singletary married one Davis, and on the 14th of December, 1850, conveyed by her deed said lands for value unto George W. Cooper.   George W. Cooper conveyed said lands to R. B. Garland for value, on the 17th of April, 1863; and said R. B. Garland was in full possession of said lands until 22d day of January, 1892, when he died, leaving the defendant as one of his heirs at law.   The plaintiffs are children of Catharine Singletary.

What estate did plaintiffs, her children, take under said deed of Catharine Singletary?   The Circuit Judge held that Catharine Singletary, under said deed of Hicks, had only a life estate, which she conveyed by her deed, and that her children took no estate in said lands under Hicks' deed, because by said deed no estate of inheritance was created. In other words, the said Catharine Singletary only had a life estate.

Under the decisions of our Supreme Court no estate of inheritance is created under a deed wherein the *warranty clause* alone mentions heirs.   *Wilson* v. *Watkins,* 48 S. C., 346, 26 S. E., 663; *Jordan* v. *Neece,* 36 S. C., 301, 15 S. E., 202; *Varn* v. *Varn,* 32 S. C., 85, 10 S. E., 829.

It is the judgment of this Court, that the judgment of the Circuit Court be, and the same is, affirmed.

June 3, 1907.   PER CURIAM.   After due consideration of the petition for rehearing in this case, the Court concludes that no material question of law or fact has been disregarded or overlooked.

It is, therefore, ordered, that the petition be dismissed and the order staying the remittitur herein heretofore granted be reversed.

MR. JUSTICE GARY *concurs under the authority of Mc-Michael* v. *McMichael,* 51 S. C., 555.