17083

F. W. GRAINGER *ET AL.,* Respondents, v. BESSIE GREEN HAMILTON *ET AL.,* Appellants

(90 S. E. (2d) 209)

*Messrs. Hooks & Hooks,* of Mullins, and *McEachin, Townsend & Zeigler,* of Florence, *for Appellants,*

*Messrs. Jack H. Page, Cordie Page* and *Franklin G. Burroughs,* all of Conway, *for Respondents,*

November 8, 1955.

STUKES, Justice.

This action for partition involves the construction of an artlessly drawn deed dated January 6, 1886, whereby Charles Grainger conveyed four hundred acres, more or less, of land in Horry County. It is not an action for reformation; nor is the instrument a trust deed. The original was not produced and only the record of it in the office of the Clerk of Court was available. A photostat of the record was in evidence. There are no words of inheritance in the granting clause of the deed and there was some controversy between the parties as to the punctuation and capitalization in the *habendum,* warranty and subsequent clauses, but there is no exception to the version of them which is contained in the decree of the lower court, which therefore governs upon appeal. We quote these clauses from the decree:

"To have and to hold unto her the said Ava Jane Grainger. And I do hereby bind myself, my heirs and assigns to warrant and defend the aforesaid Premises unto the said A. J. Grainger, her heirs and assigns against myself, my heirs and assigns and against every other person or persons claiming the same or any part thare with the following provisions. That I do hereby except my lifetime right on all of said Land, and if she the said Ava Jane Grainger shall die leaving no child or children, then the said Land at her decease shall return back to her brother and two sisters, (namely W. C. Grainger, Ida Grainger, E. P. Grainger) and if she shall leave child or children, then at her decease the said Land shall return to them."

The master held that the words of inheritance appearing in the warranty are applicable to the *habendum,* and concluded that the deed conveyed a fee simple defeasible,

subject to life estate in the grantor who is now dead. The court reached the same result upon reasoning, without citation of supporting authority and we know of none, that the defeasance clause, which occurs after the warranty, shows the intent that the land should descend to surviving child or children, meaning heirs. *Davis v. Davis,* 223 S. C. 182, 75 S. E. (2d) 46, was relied upon for the conclusion that the evident intention of the grantor in this case to convey the fee should govern. However, the deed in that case contained words of inheritance in the *habendum* and the only question was whether other words in it and in the granting clause were effective to create a right of survivorship. It was recognized in the opinion that the intention of a grantor, however apparent, cannot prevail over a rule of law.

It is trite to say that the cardinal rule of construction is to ascertain and effectuate the intention of the grantor, but that is qualified by the requirement that the result must not violate a settled rule of law, which the decision of the lower court in this case does. As was said in *Gowdy v. Kelley,* 185 S. C. 415, 194 S. E. 156, 159: " 'Intention' is a term of art, and signifies the meaning of the writing. But even the intention will not be allowed to violate an established rule of law."

It is a settled, legal rule of construction of common law deeds in this State that words of inheritance in the granting or *habendum* clauses are necessary to convey a fee and that words of inheritance which appear only in the warranty cannot supply the deficiency; an estate for the life of the grantee results. *Jordan v. Neese,* 36 S. C. 295, 15 S. E. 202, 31 Am. St. Rep. 869; *Wilson v. Watkins,* 48 S. C. 341, 26 S. E. 663, (the deed in this case, somewhat like that at hand, was conditioned to revert to the grantor if the grantee should die without children.) *Wilson v. Garland,* 77 S. C. 171, 57 S. E. 728; *Windham v. Howell,* 78 S. C. 187, 59 S. E. 852; *Sullivan v. Moore,* 84 S. C. 426, 65 S. E. 108, 66 S. E. 561; *Fore v. Marion*

*County Lumber Co.,* 114 S. C. 501, 104 S. E. 179; *Elliott v. Bristow,* 186 S. C. 544, 196 S. E. 378.

The following frequently quoted statement of the rule is from the opinion of Chief Justice McIver in *Jordan v. Neese, supra* [36 S. C. 295, 15 S. E. 203] : "It is conceded that an estate cannot be enlarged by the warranty, but the contention, as we understand it, on the part of the plaintiff, is that use of the word 'heirs' in the warranty clause is sufficient to show that the real intention of the grantor was to convey the fee, and that she and those claiming under her are estopped from disputing a construction in accordance with such intention. We cannot accept this view, for if it should be adopted it would fritter away and practically destroy the well-settled and conceded rule that the warranty clause cannot operate so as to enlarge the estate granted. Indeed, in most cases where deeds drawn by unskillfull draughtsmen fail to carry the fee by reason of the omission of the requisite words of inheritance, the real intention of the parties is defeated, and we do not think the use of the word 'heirs' in the warranty clause can be used to establish such intention, especially where found in a deed so inartifically drawn as this is." That it may be said to be "technical" is of no moment, as is seen from this quotation from *McMichael v. McMichael,* 51 S. C. 555, 29 S. E. 403 : "The technical rule of the common law makes it essential to the creation of an estate in fee simple in a natural person by deed that there be in the deed an express limitation to such person and his 'heirs.' This rule is generally and inflexibly enforced in the United States, except where abrogated or modified by statute. While many states have altered this rule by statute, no such statute, as applicable to deeds, has been adopted in this state, and our courts have repeatedly and uniformly recognized and enforced the strict rule of the common law." (Citing earlier decisions.) "Cases construing wills and deeds involving trusts are not in point." *Windham v. Howell, supra* [77 S. C. 187, 59 S. E. 853]. *Sullivan v. Moore, supra,* also involved a deed which con-

tained words of inheritance only in the warranty clause and it was said in the opinion by Mr. Justice Woods: "This is the rule of the common law from which the courts cannot escape, though its operation nearly always results in the injustice of defeating the intention of the parties. The rule serves generally as a snare to those unlearned in technical law, and it would be difficult to suggest any reason for its continued existence; but it has been so long established in this state that the courts cannot now overrule the cases laying it down, without imperiling vested rights." And in *Elliott v. Bristow, supra* [186 S. C. 544, 196 S. E. 380]: "The fact—about which counsel for appellants make no contention—that the deed in this case contains the usual general warranty of title to the grantees, 'their heirs and assigns forever,' has no controlling influence in the decision of the question before us."

In an article upon the subject of the necessity of words of inheritance in deeds, in Vol. 5 of the South Carolina Law Quarterly, Professor David H. Means of the University Law School says at page 319: "Suppose, however, that there are no words of inheritance in either the granting clause or *habendum,* but the warranty is in favor of the grantee, and his heirs against the grantor and his heirs. Can the warranty clause be used to enlarge the estate granted? The question has been presented repeatedly to the Courts of South Carolina, and the answer, in accord with the common law view, is that it cannot." See also, annotation, 47 A. L. R. 869.

Ava Jane Grainger married one Alexander but died without surviving child, the grantor in the deed having predeceased her intestate; and it appears from the briefs that there is no real contest between the litigants as to the estates of her brother and sisters under the deed. Therefore the nature of those estates need not be here determined, except that having divested himself of only a life estate or life estates by the deed, the grantor retained the fee to the land and upon his death intestate it

descended to his heirs at law, which sustains appellants' contentions.

Reversed and remanded for further proceedings consistent with the foregoing construction of the deed.

TAYLOR, OXNER and LEGGE, JJ., and J. WOODROW LEWIS, Acting Associate Justice, concur.