20067

John M. McLAURIN, II, and Henry F. McLaurin, Appellants, v. John F. McLAURIN, Individually and as Executor of the Estate of John M. McLaurin, and Elizabeth G. McLaurin, Respondents.

(217 S. E. (2d) 41)

*Messrs. John I. Rogers, III,* and *Jamie F. Lee,* of Bennettsville, *for Appellant,* cite:

*Messrs. William A. Rogers* and *Ralph L. Kelly,* of Bennettsville, *for Respondents,* cite:

July 17, 1975.

*Per Curiam:*

The issue to be decided involves a determination of whether a deed to real estate from Mrs. J. M. McLaurin to her husband, J. M. McLaurin, conveyed a fee simple title. This appeal is from an order of the lower court holding that a fee simple title was not conveyed. We affirm the order under appeal and largely follow its language in disposing of the issues.

The deed in question is on a printed form for the conveyance of title to real estate and conforms to the requirements of Section 57-251 of the 1962 Code of Laws. However, the format is such as is customary in printed forms with the various parts being set out as separate paragraphs.

The first part of the deed, comprising page 1, contained the granting clause and the description of the property. In this granting clause, Mrs. McLaurin "granted, bargained, sold and released . . . unto the said J. M. McLaurin" a certain tract of land and a lot with improvements in the Town of McColl. Nothing was contained in the granting clause to indicate that a fee simple title was intended to be conveyed as no words of inheritance were added after the name of the grantee.

The first paragraph on page 2 of the deed adds the customary provision: "Together with all and singular, the Rights, Members, Hereditaments and appurtenances to the said premises belonging, or in anywise incident or appertaining." The form for the *habendum* clause was printed immediately following this paragraph but was not filled in in any manner. In the completed deed it appears as follows: "TO HAVE AND TO HOLD, all and singular, the said premises before mentioned unto the said —————— Heirs and Assigns forever."

The usual warranty clause followed the *habendum* and was completely filled in in longhand, except that the word

"his" did not appear after the name of J. M. McLaurin, the grantee, and before the words "heirs and assigns."

The deed, therefore, contained no words of inheritance in the granting clause and no completed *habendum* clause, but did contain words of inheritance in the warranty clause.

The decision in *Grainger v. Hamilton,* 228 S. C. 318, 90 S. E. (2d) 209 is dispositive of the present issue. The rule of law was there stated that words of inheritance in the granting or *habendum* clause are necessary to convey a fee that words of inheritance which appear only in the warranty clause cannot supply the deficiency. This principle applies irrespective of the intention of the grantor because, as stated in *Grainger,* "the intention of the grantor, however, apparent, cannot prevail over a rule of law."

The parties are in agreement that the words of inheritance in the warranty clause are not sufficient to create a fee simple estate and that an estate for the life of the grantee results unless, as contended by defendants (appellants), the uncompleted or blank *habendum* clause supplied the necessary words of inheritance for the conveyance of a fee simple estate.

The uncompleted *habendum* clause cannot be considered in determining the nature and extent of the estate conveyed. The deed was on a printed form with blank spaces left so that they could be filled in to conform to the agreement of the parties. The various clauses of the deed became operative as, and to the extent, the blank spaces were filled in. Therefore, the failure to fill in or complete, *in any manner,* one of the several clauses of a printed deed form, ordinarily, has the effect of eliminating such uncompleted provision as a part of the completed deed. We have in this case only the deed with the *habendum* clause left entirely uncompleted.

It is true that the printed form for the *habendum* clause contains words of inheritance appropriate to the creation of a fee simple estate. However, they were of no effect until

the *habendum* clause was made a part of the conveyance. This was not done and the printed form for the *habendum* clause was properly not considered in determining the estate conveyed by the deed in question.

The judgment is affirmed.