### HENDERSON v. KINARD.

1. It seems that personal property may be limited over in the event of the first taker dying without children ; and that an alienation of trust property by a trustee, other than to a *bona fide* purchaser without notice, is invalid.
2. The executors were directed by the will to sell all the estate and to divide the proceeds equally amongst testator's children ; but if any of said children died without issue then surviving, the share of such deceased child was to be equally divided among the surviving children or their issue. *Held,* that the children of testator were entitled to the possession of the *corpus* bequeathed to them notwithstanding the possible defeasance.

Before WALLACE, J., Newberry, February, 1888.

This was a controversy without action between Stoughton N. Henderson and Edith E. Henderson, plaintiffs, and John M. Kinard, administrator, defendant. The opinion fully states the case.

*Mr. J. F. J. Caldwell,* for appellant.

*Mr. Geo. S. Mower,* contra.

June 19, 1888. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This is a controversy without action upon an agreed statement of facts. Thomas H. Hender-

son died in 1860, leaving of force a last will and testament, in which, among other provisions, he directed in the 5th clause thereof, after having previously directed his executors to sell all of his property, both real and personal, for distribution among his legatees and devisees : "That all of his property not therein before disposed of, be divided among his other children (referred to in the fourth clause of the will), namely, Jessie A., Thomas W., John, James L., David, Stoughton, Edith, and Pettus C. Henderson. But in the event that either or any of his (my) said children shall die without lawful issue then surviving, I will that the share of such deceased child or children shall be divided equally among such of their brothers and sisters (named in this clause) as may then be living, or the lawful issue of such as may have died before such contingency happened."

The executors sold the property ; John S. Chaplin, intestate of defendant, being the purchaser of the real estate at the price of —— dollars, for which he executed to the executors his three several sealed notes, two of which, at the settlement of the estate, were turned over to Reuben S. Chick, one of the executors, as guardian of the plaintiffs and of Pettus · C. Henderson, each of these being entitled to one-third interest in said two notes. One of said notes was for $2,649.55, due February 15, 1862, interest payable annually, and the other for $2,486.86, due February 15, 1863, interest payable annually. Upon the plaintiffs, wards of Reuben Chick, reaching majority, he, in making a final settlement with them, transferred said notes to said wards in the proportion above mentioned. John S. Chaplin, the maker of these notes, died in 1862, and George M. Chaplin administered upon his estate, Reuben S. Chick, the guardian, being one of the sureties on the administration bond. Reuben Chick afterwards died, and upon a proceeding instituted to marshal the assets of his estate, the plaintiffs presented these two notes, claiming payment from his estate, he having been surety on the administration of George M. Chaplin, administrator of John S. Chaplin, deceased, the maker of said notes. The master allowed the claim, and his report was confirmed, except that the amount ascertained to be due by the estate of Reuben Chick was directed to be paid to the administrator *de bonis non* of the said John S. Chaplin. Under

this decree ——— dollars were paid to J. Y. McFall, clerk of the
court, whom the defendant, John M. Kinard, succeeded as clerk,
and as administrator *de bonis non* of John S. Chaplin, and who
refuses to pay over and distribute the same between the plaintiffs.

The questions submitted to the court below upon the facts
stated were: 1st. Will John M. Kinard, as administrator of
John S. Chaplin, deceased, incur any liability to contingent
remaindermen under the will of Thomas H. Henderson, by pay-
ing the notes above mentioned, so far as he has assets, in the pro-
portion ascertained by the report of S. J. Douthit, master ? 2nd.
Is it the duty or the right of the said John M. Kinard, as admin-
istrator as aforesaid, to inquire into the right by which the Hen-
dersons hold said notes ? 3d. Is it his right or duty to inquire
into the settlement of Thomas H. Henderson's estate, or to see
that the proceeds of said notes are applied according to provisions
of T. H. Henderson's will, or be otherwise secured for contingent
remaindermen ?

His honor, Judge Wallace, who heard the case below, ordered
the defendant, Kinard, after deducting proper costs and expenses,
to pay to the plaintiffs or their representatives or assignees their
share of said notes, as ascertained in the report of the master, or
if the funds in his hands be insufficient to pay said claim in full,
then to pay *pro rata*. From this the defendant has appealed,
claiming that his honor erred in not making provision for the
contingent remaindermen, by restricting the plaintiffs to the
enjoyment of the *interest* on their shares, and securing the *corpus*
to said contingent remaindermen. In other words, that plain-
tiffs having, as alleged, a defeasible fee in the property repre-
sented by the notes, "they are entitled only to the usufruct, that
is to say, the interest accrued on said notes;" and the appellant
asks a modification of the decree in this respect.

The position of appellant, that personal property may be lim-
ited over in the event of the first taker dying without children, is
doubtless correct. *Cordes* v. *Adrian*, 1 Hill Ch., 154; *De Tre-
ville* v. *Ellis*, Bail. Eq., *40. So, too, that alienations by exe-
cutors, administrators, and other trustees of property held by
them impressed with a trust, except to a *bona fide* purchaser
without notice, would be invalid. *Rhame* v. *Lewis*, 13 Rich.

Eq., 269. But the question is, are these principles in conflict with the decree below? Assuming the interest of the plaintiffs, each, in the property bequeathed to them by the will of their father to be a defeasible fee, or what would have been a defeasible fee in real estate—a fee subject to be defeated by their death without lawful issue them surviving—should this have required of the court, under the facts of this case, an order preventing the plaintiffs from having possession of the property bequeathed to them, and placing it in such condition as that they could only have the usufruct—the interest? And have the executors violated the trust confided to them in turning over said property to the guardian of the wards? And the guardian in turning it over to the wards? We think not.

The children of the testator were the primal objects of his bounty. The property which he had accumulated during his life, and which he disposed of by his will, he evidently intended for them, and the defeasance was a secondary matter. The trust imposed upon his executors was to sell the whole estate, real and personal, and then to divide equally among the children named. No part is given in trust, and consequently no trustee named for any one of the children, or to preserve contingent remainders. The intention of a testator, when not illegal, is the law of his will, and when, as in this case, a testator has expressly directed that his property shall be sold and the proceeds immediately *divided* equally among his own children, the intention cannot be doubtful. Assuming that the plaintiffs had an absolute, yet defeasible, interest in the property in question, yet under the express language of the will we think they were entitled to have their shares delivered to them; and therefore that the executors did not violate their duty or any trust imposed upon them in turning over the notes to the guardian, nor did the guardian do so in turning said notes over to the wards (plaintiffs). If there be danger to the contingent remaindermen, it is a danger to which the testator, who created the interest, has exposed them.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.