13961

PIPPIN *ET AL.* v. SAMS

(177 S. E., 659)

446

454

*Messrs. Patterson & Tobin* and *Searson & Searson,* for appellant,

458

*Messrs. C. Birnie Johnson* and *Randolph Murdaugh,* for respondent,

December 11, 1934.

The opinion of the Court was delivered by MR. A. L. GASTON, ACTING ASSOCIATE JUSTICE.

This case was begun in the Probate Court on petition filed October 24, 1932, by the appellant to require the will of D. Sams, deceased, to be proved in due form of law. The Probate Judge held that the testator had sufficient mental capacity and admitted the said will to probate in due form of law; the Probate Court held that he had no jurisdiction to construe the will. The matter was then heard by Judge Oxner without a jury, by agreement of counsel, and all issues were submitted to him. We think the questions raised were properly disposed of by the Circuit Judge and his learned decree is made the opinion of this Court.

The exceptions are overruled and the judgment below is affirmed. In addition to the circuit decree, the recent case of *Watson v. Watson,* 172 S. C., 362, 174 S. E., 33, fully sustains the Circuit Judge in holding that the appellant is bound by her agreement not to claim dower in any of the real estate of her husband, D. Sams, and that now, as the widow of the testator, she having contracted while her husband was alive not to claim dower, and to relinquish dower if called upon, is now estopped and cannot assert any claim whatsoever to dower rights in any lands of which her husband

died seized and possessed, nor in any lands alienated by him. Therefore, all of the exceptions relating to the appellant's right of dower are overruled.

Furthermore, the finding of the Probate Court, affirmed by the circuit decree, holding that D. Sams had sufficient mental capacity to make the will, is fully sustained by the testimony and all exceptions relating to testamentary capacity are overruled.

Likewise, the circuit decree holding that the word "children," as used in the will, limits the gift to the children in being at the death of the testator, is supported by the authorities cited, and the will does not violate the law against perpetuities, and all exceptions relating to this issue are overruled.

The appellant has urged in argument most earnestly that the release executed by her does not include her claims against the estate of D. Sams, as an heir at law or distributee; and that she did not release her right of inheritance in his estate. But counsel for appellant admits that the testator has the right to control his property after his death by a valid will, executed in conformity with the requirements of law, so that the appellant can claim nothing in the estate of her deceased husband under the terms of his will and she is bound by the will. Therefore, all exceptions relating to this claim to a part in his estate are overruled.

It is, therefore, ordered that the judgment below be, and hereby is, affirmed.

MESSRS. JUSTICES STABLER, CARTER, and BONHAM, concur.