## 18974

Mrs. Vera Gray BEAN, Appellant, v. Charles William BEAN, Jr., Respondent.

(170 S. E. (2d) 654)

*Messrs. Perrin & Perrin,* of Spartanburg, *for Appellant,*

*Messrs. Loy E. Bryant,* of Spartanburg, and *Saint-Amand & Thompson,* of Gaffney, *for Respondent,*

Nov. 3, 1969.

Moss, Chief Justice.

This action was instituted by Mrs. Vera Gray Bean, the appellant, against Charles William Bean, Jr., the respondent, under the Uniform Declaratory Judgments Act, Section 10-2001 et seq., of the Code. The purpose of the action is to have the court construe the deed hereinafter re-

ferred to and to determine the rights and interests of the parties to this action in and to the real estate conveyed by said deed.

It appears from the record that on May 12, 1955, C. W. Bean, Sr. by his deed, conveyed certain real estate in Spartanburg and Union Counties to his wife, Mrs. Vera Gray Bean. The deed contains the following provisions, out of which the controversy arises:

(1) The granting clause: "unto the said Vera Gray Bean for and during the term of her natural life or widowhood, and in the event of her remarriage, to my son, Charles William Bean, Jr., his heirs and assigns forever."

(2) The habendum clause: "TO HAVE AND TO HOLD all and singular the said Premises before mentioned unto the said Vera Gray Bean, her Heirs and Assigns forever."

(3) The warranty clause: "And I do hereby bind Myself and my Heirs, Executors, and Administrators to warrant and forever defend all and singular the said premises unto the said Vera Gray Bean, her Heirs and Assigns, against me and my Heirs and against every person whomsoever lawfully claiming or to claim the same or any part thereof."

It is the position of the appellant that under the provisons of the aforesaid deed, properly construed, she is the owner in fee simple of the real estate described therein. The respondent denies that the appellant is owner in fee simple of said real estate but alleges that her estate therein is limited to the term of her natural life or widowhood, with remainder to him in fee simple upon her death or remarriage.

This case was referred to the Master in Equity for Spartanburg County. After a full hearing he filed his report, recommending that the court issue its decree declaring and adjudicating that the aforesaid deed conveys to the appellant a fee simple title to the said real estate, subject, however, to the conditional limitation that if she should remarry all of her right, title and interest in and to said property would

terminate and said right, title and interest would vest in the respondent. It was further recommended that the aforesaid deed conveys no interest in and to said property to the respondent other than a contingent remainder in fee, to vest only upon the remarriage of the appellant.

The exceptions to the report of the Master were heard by The Honorable Wade S. Weatherford, Jr., Resident Judge, and he issued his order reversing the Master and holding that the appellant "has ownership of the lands in question for her life or widowhood, and that the remainder interest in the land is now vested absolutely in fee simple in the respondent."

The sole question for determination here is whether the trial judge erred in holding that the deed of C. W. Bean, Sr. conveyed the property therein described to the appellant for life or widowhood with the remainder interest therein vested in the respondent in fee simple absolute.

In construing a deed it is elementary that the cardinal rule of construction is to ascertain and effectuate the intention of the parties, unless that intention contravenes some well settled rule of law or public policy. *Sandy Island Corp. v. Ragsdale,* 246 S. C. 414, 143 S. E. (2d) 803. In ascertaining such intention the deed must be construed as a whole, and effect given to every part thereof, if such can be done consistently with law. *Southern Railway Co. v. Smoak,* 243 S. C. 331, 133 S. E. (2d) 806. Intention is a term of art and signifies the meaning of the writing, *Gowdy v. Kelley,* 185 S. C. 415, 194 S. E. 156; however, the intention of a grantor will not be allowed to prevail if it runs counter to an established rule of law. *Stylecraft, Inc. v. Thomas,* 250 S. C. 495, 159 S. E. (2d) 46.

The rule in this State is that where an incomplete or indefinite estate is conveyed by the granting clause, as for instance where no words of inheritance accompany the grant, or where the granting clause creates a life estate, resort may be had to the habendum for the purpose of

ascertaining the intention of the grantor and thus a life estate may be enlarged into a fee simple estate. *Chavis v. Chavis,* 57 S. C. 173, 35 S. E. 507; *Zobel v. Little,* 120 S. C. 212, 113 S. E. 68, and *Wilson v. Poston,* 129 S. C. 345, 123 S. E. 849.

The granting clause in the deed here conveys an estate for life or widowhood to the appellant and subject to the limitation that "in the event of her remarriage, to my son, Charles William Bean, Jr., his heirs and assigns forever." It thus appears that the limitation over to Charles William Bean, Jr., his heirs and assigns, was only effective in the event of the remarriage of the appellant. There is no disposition of the fee to the premises in question in the event the appellant does not remarry. In the absence of such disposition and without considering the habendum and warranty clauses, the title to the premises, in the event of the death of the appellant without having remarried, would revert to the estate of the grantor. It follows that the granting clause in the deed here did not make a complete disposition of the title to the property described therein.

In the *Wilson* case, the court was called upon to construe a deed, the granting clause of which was: "Unto the said J. M. Wilson," without words of inheritance, followed by this provision: "It is furthermore understood that if the said J. M. Wilson dies without lawful heirs, the above-named tract of land must return to our estate and be equally divided among our heirs." The habendum is, "Unto the said J. M. Wilson, her heirs and assigns forever." The warranty is general, "Unto the said J. M. Wilson, her heirs and assigns."

The deed in the *Wilson* case conveyed an implied life estate with a conditional limitation in the granting clause and a fee simple absolute estate in the habendum and warranty clauses. This court, in holding that Wilson had a fee simple estate, subject to the conditional limitation contained in the granting clause, said:

"The inconsistency of the habendum with the granting clause, however, is easily reconciled by giving it full effect

in enlarging the implied life estate to a fee simple retaining the conditional limitation, and converting the fee simple absolute into a fee simple defeasible."

It was also said in the *Wilson* case, that:

"Therefore where a complete estate is not created in the granting clause, which contains a conditional limitation, and resort must be had to the habendum for the purpose of enlarging the incomplete estate created by the granting clause, the granting clause must be taken as it stands, with the conditional limitation."

The appellant contends that under the deed in question she took a fee simple defeasible estate whereby the fee to the land vested in her, subject to being divested by her remarriage, and in such event title to the land would then vest in the resopondent in fee simple. Under the rationale of the *Wilson* case, we think this contention is correct. We so hold.

The respondent relies upon the cases of *Rhodes v. Black,* 170 S. C. 193, 170 S. E. 158 and *Glasgow v. Glasgow,* 221 S. C. 322, 70 S. E. (2d) 432, to sustain his position. An examination of these cases reveals that they are not apposite for the reason that absolute estates are created in the granting clause of each deed which cannot be cut down or modified by the habendum of the deed, and does not deal with a deed, such as the one here, in which an incomplete estate is created in the granting clause.

It is our conclusion that it was the intention of the grantor, in the deed in question, to convey to the appellant a fee simple title, subject, however, to the limitation that if she should remarry her title to the land in question would terminate and the respondent would take title in fee simple.

The judgment of the lower court is reversed and this cause remanded thereto for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.