569 S.E.2d 385

Elayne Thomas Ann SCOTT (Brunson), Respondent,

v.

John Q. BRUNSON, Sr., Trustee Trust for Robert Ashley Brunson u/w of Muldrow McCoy Brunson, Appellant.

No. 3538.

Court of Appeals of South Carolina.

Heard May 7, 2002.

Decided July 29, 2002.

Rehearing Denied Sept. 18, 2002.

Lohman D. Reiter, II, of Sumter, for appellant.

Ralph E. Tupper, of Beaufort, for respondent.

HOWARD, J.

Elayne Scott brought this action to collect a judgment out of a trust created for the judgment debtor by the provisions of his late father's will. Scott moved for summary judgment claiming the judgment debtor's trust interest was vested. The circuit court agreed and granted summary judgment. We affirm.

## FACTS

Scott was married to Ashley Brunson in December 1977. They had one child, a daughter, and then separated in 1978. In 1983, Brunson was convicted of trafficking in drugs. He absconded, and has been neither seen nor heard from since 1983. Scott was granted a divorce from Brunson on April 10, 1992, and he was ordered to pay monthly child support. Brunson did not pay the child support as ordered, and Scott eventually obtained a judgment against him for the unpaid child support in the amount of $42,262.82.

Brunson's father, Muldrow McCoy Brunson ("the father") died on September 7, 1995. In his will, the father provided for Brunson in the following manner:

## ITEM IV

**Specific Bequest of Specific Item of Personal Effects.** I give and bequeath to Ashley Brunson, if he shall survive me, one (1) Winchester Model 42 410 gauge shotgun, serial number 53531, one (1) Winchester Model 12.20 gauge shotgun, serial number 1196190, one (1) Winchester Model .12 gauge shotgun, serial number 1767376, one (1) three horsepower Evinrude boat motor and my gun cabinet and its contents.

. . .

## ITEM VII

**Specific Devise of Residential Property.** I give and devise to my surviving issue, if they shall survive me, any interest which I own at the time of my death in the house . . ., with the further understanding that *my Personal Representative shall retain in trust the share of my son Ashley Brunson for a period not to exceed ten (10) years from the date of my death, after which period, if my son Ashley Brunson shall not appear or make his whereabouts known to my Personal Representative, then Ashley Brunson's share shall be distributed equally to my then surviving issue.*

## ITEM VIII

**Outright Gift of All Property to Children.** I give, devise, and bequeath all the rest, residue and remainder of my property . . ., absolutely in fee simple to my surviving children in equal shares, provided, however, that *the share of my son Ashley Brunson shall be retained in trust by my Personal Representative for a period not to exceed ten (10) years from the date of my death, after which period, if my son Ashley Brunson shall not appear or make his whereabouts known to my Personal Representative, then Ashley*

*Brunson's share shall be distributed equally to my then surviving issue....*

Brunson's share placed in trust has a value of $57,270.82.

Scott filed this action to execute on the judgment against Brunson's trust interest. John Q. Brunson, Sr. ("the trustee") defended, contending Brunson's share has not yet vested. Scott moved for summary judgment, which the circuit court granted. The trustee appeals.

## STANDARD OF REVIEW

■ "When an appeal involves stipulated or undisputed facts, an appellate court is free to review whether the trial court properly applied the law to those facts." *WDW Props. v. City of Sumter,* 342 S.C. 6, 10, 535 S.E.2d 631, 632 (2000). In such cases, the appellate court is not required to defer to the trial court's legal conclusions. *J.K. Constr., Inc. v. W. Carolina Reg'l Sewer Auth.,* 336 S.C. 162, 166, 519 S.E.2d 561, 563 (1999).

## DISCUSSION

■ The trustee argues the circuit court erred in finding Brunson's interest in the devised property was vested. We disagree and conclude the terms of the will established a defeasible fee simple subject to a shifting executory interest. Therefore, Brunson's interest vested on his father's death.

A fee simple absolute is an interest with indefinite duration. 28 Am.Jur.2d *Estates* § 13 (2000); *see Restatement (Third) of Prop.: Donative Transfers* § 10.2 (1995). A defeasible fee simple is a fee simple that may be cut short. 28 Am.Jur.2d *Estates* § 403 (2000); *see Restatement (Third)* § 10.2. A defeasible fee may be (1) a fee simple determinable, (2) a fee simple subject to a condition subsequent, or (3) a fee simple subject to an executory interest. *Restatement (First) of Prop.* §§ 44, 45, 46 (1936).

A fee simple determinable is a grant that can be cut short when a given term expires. 28 Am.Jur.2d *Estates* § 26 (2000). A fee simple subject to a condition subsequent is a grant with a condition attached; for example, to A provided that A appears in ten years. 28 Am.Jur.2d *Estates* § 175 (2000).

Although a fee simple subject to an executory interest is essentially the same as a fee simple subject to a condition subsequent, a minor difference does exist. When a fee simple subject to an executory interest is cut short, the fee simple automatically passes to a third party instead of merely permitting the *original* grantor the right to re-enter and become revested in the original estate as with a fee simple subject to a condition subsequent. 28 Am.Jur.2d *Estates* §§ 386, 387 (2000); *see* 28 Am.Jur.2d *Estates* §§ 28, 29, 175, 381 (2000).

Executory interests are generally classified as either springing or shifting. *Restatement (First)* § 25, cmt. K. A springing executory interest arises when the grantor retains fee simple title in himself until the subsequent divesting event takes place. *See, e.g., Restatement (First)* § 46, illus. 15–18. A shifting executory interest occurs when ownership shifts from one transferee to another upon the occurrence of the subsequent event. *See id.* cmt. K.

In this case, the terms of the will provide that the assets of the estate pass "absolutely in fee simple to my surviving children in equal shares." We conclude the circuit court correctly determined that this provision clearly establishes Brunson's ownership of his share of the estate. After this provision, a trust is created to hold Brunson's share for a period not to exceed ten years. The trustee argues that this language creates a condition precedent. We disagree.

Although Brunson's enjoyment is delayed, he owns his share of the estate and therefore, it is vested. *See Bean v. Bean,* 253 S.C. 340, 345, 170 S.E.2d 654, 656 (1969) ("[U]nder the deed in question [the appellant] took a fee simple defeasible estate whereby the fee to the land *vested* in her, subject to being divested . . . ." (emphasis added)); *Bowman v. Lobe,* 35 S.C. Eq. (14 Rich. Eq.) 271, 278 (1868) (holding the testator granted a defeasible fee whereby at the happening of a specific contingency "a deceased son's *fee simple* [was defeated and] passed to his surviving brothers" (emphasis added)); *see also S.C. Nat'l Bank of Charleston v. Johnson,* 260 S.C. 585, 592, 197 S.E.2d 668, 671 (1973) ("It is always necessary to discriminate between a devise which vests immediately, the enjoyment of which is postponed; and a devise which is contingent, because both the vesting in interest and the enjoy-

ment are postponed."). However, because this fee simple could potentially be cut short, the terms of the will created a defeasible fee simple. *See, e.g., Bean*, 253 S.C. 340, 170 S.E.2d 654; *Henderson v. Kinard*, 29 S.C. 15, 6 S.E. 853 (1888); *Bowman*, 35 S.C. Eq. (14 Rich. Eq.) 271.

The terms of the will provide that "if my son Ashley Brunson shall not appear or make his whereabouts known to my Personal Representative, then Ashley Brunson's share shall be distributed equally to my then surviving issue." Because the fee simple passes to a third party instead of reverting back to the grantor should Brunson not make his whereabouts known to the Personal Representative, the terms of the will created a defeasible fee simple subject to a shifting executory interest. *See* 28 Am.Jur.2d *Estates* §§ 386, 387 (2000); *cf. Smith v. Clinkscales*, 102 S.C. 227, 244, 85 S.E. 1064, 1066 (1915) (holding the grantor created "a fee [simple] to take effect in place of, or by substitution for, another [fee]" only if a particular contingency occurred).

## CONCLUSION

Giving effect to all parts of the will, it is clear the father intended for Brunson to take his share of the estate, if he should appear within ten years, but, if not, that it should go to the other surviving children in fee simple. *See Smith*, 102 S.C. at 243–44, 85 S.E. at 1066. Therefore, pursuant to the will, Brunson clearly took a defeasible fee. *Id.* Although Brunson's physical possession of his portion of the estate is held in trust until he makes his whereabouts known to the Personal Representative, his ownership right to that portion of the estate vested upon his father's death. *See Bean*, 253 S.C. at 345, 170 S.E.2d at 656; *Bowman*, 35 S.C. Eq. (14 Rich. Eq.) at 278; *cf. McDaniel v. Connor*, 206 S.C. 96, 102, 33 S.E.2d 75, 77 (1945) (indicating a defeasible fee is a limited form of a fee simple absolute because it may be defeated upon the occurrence of a specified condition).

Therefore, the circuit court correctly granted Scott's motion for summary judgment, allowing execution against the proceeds of Brunson's trust share.

**AFFIRMED.**

HEARN, C.J., and HUFF, J., concur.