659 S.E.2d 193

**GREEN TREE SERVICING, LLC as successor in interest to Conseco Finance Servicing Corp. as interest to Green Tree Financial Servicing Corporation, Plaintiff**

v.

**Reniata L. WILLIAMS a/k/a Reniata Garvin Williams; Scott L. Williams, BB&T Bankcard Corporation; The South Carolina Department of Motor Vehicles, Defendants,**

and

**Green Tree Servicing, LLC as successor in interest to Conseco Finance Servicing Corp. as interest to Green Tree Financial Servicing Corporation, Respondents,**

v.

**Lueveania Garvin, Appellant.**

No. 4344.

Court of Appeals of South Carolina.

Submitted Jan. 2, 2008.

Decided Feb. 20, 2008.

Rehearing Denied April 18, 2008.

180

Lueveania Garvin, for Appellant.

Pearce W. Fleming, D. Randolph Whitt, and Martha S. Phillips, all of Columbia, for Respondents.

HUFF, J.:

Lueveania Garvin appeals the order of the special referee holding her interest in certain property was subject and junior to Green Tree's mortgages and that she was not entitled to damages for trespass. We reverse and remand.[1]

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTUAL/PROCEDURAL BACKGROUND

In September of 1995, Garvin deeded .23 acres of property to her granddaughter, Reniata Williams. The deed provided the property was to be used for residential purposes and further provided:

In the event Reni[a]ta L. Garvin Williams shall fail to use said property for residential purposes for a consecutive period of sixty (60) days or more, the aforementioned property shall revert back to Grantor or Grantor's heirs and assigns, in fee simple.

Thus, the interest Garvin transferred to Williams was a fee simple determinable while she retained a possibility of reverter.

Williams subsequently obtained two notes secured by mortgages on the property. Garvin was not a party to these mortgages. Williams had a mobile home placed on the property. The mobile home encroached onto Garvin's property by six feet.

On June 1, 2004, Williams wrote to Garvin that she no longer resided on the property and in recognition of the condition in the deed, she wished to return the property to Garvin.

Green Tree then brought this action for foreclosure of the mortgages in August of 2004. In an order filed December 30, 2004, the special referee ordered foreclosure of the mortgages. Garvin was not named a party to the action at this time. In April of 2005 Garvin wrote to Green Tree stating she would charge it $25.00 a day storage fee effective June 1, 2004 for the mobile home on her property. She explained $10.00 a day was for the part of the mobile home on the far end of her yard previously deeded to Williams and $15.00 a day was for the part of the mobile home that extended into her front yard.

Green Tree subsequently filed a petition for a rule to show cause requesting the court order Garvin to show cause why she should not be bound by the previous order and determine whether Garvin's interest was junior to Green Tree's mortgages. The court issued the rule as requested. Garvin answered asseverating Green Tree executed the mortgages with knowl-

edge of the possibility of reverter. She also asserted a claim for trespass.

After a hearing on the matter, the special referee held Garvin had no estate in the property until the possibility of reverter was triggered, which was after Green Tree had perfected its mortgage. Thus, the referee held Garvin's interest in the property was subject and junior to Green Tree's mortgage that was already in place when she acquired an estate in the property. In addition, the referee held that as Garvin had submitted no evidence of any diminution in the market value of her property due to the mobile home's presence on her property, she was not entitled to damages for trespass. However, the referee did order Green Tree to remove the trailer from Garvin's property. This appeal followed.

## LAW/ANALYSIS

1. Mortgages

■ Garvin argues the special referee erred in holding her interest in the property was subject to and junior to Green Tree's mortgages. We agree.

■ A fee simple determinable is a grant that can be cut short when a given term expires. *Scott v. Brunson,* 351 S.C. 313, 316, 569 S.E.2d 385, 387 (Ct.App.2002). "It is an estate in fee 'with a qualification annexed to it by which it is provided that it must determine whenever that qualification is at an end'" *S.C. Dep't of Parks, Recreation, & Tourism v. Brookgreen Gardens,* 309 S.C. 388, 392, 424 S.E.2d 465, 467 (1992) (quoting *Purvis v. McElveen,* 234 S.C. 94, 98, 106 S.E.2d 913, 915 (1959)). The wording of the grant allows for defeasance of the grantee upon the terms, covenants and conditions of the grant. *Brookgreen Gardens,* 309 S.C. at 392, 424 S.E.2d at 467. A possibility of reverter is the future interest that accompanies a fee simple determinable. *Id.* In the case of a possibility of reverter, the possessory estate vests immediately and automatically upon the happening of the event whereby the determinable or conditional fee is terminated. *Batesburg–Leesville Sch. Dist. No. 3 v. Tarrant,* 293 S.C. 442, 446, 361 S.E.2d 343, 346 (Ct.App.1987).

Although the grantee of a fee simple determinable may transfer or assign the estate, the determinable quality of the estate follows the transfer or assignation. 28 Am.Jur. 2nd *Estates* § 30 (2000). The determinable fee may be mortgaged, subject to the qualification. 27 S.C. Jur. *Mortgages* § 19(e) (1996). The creator of the estate would have to join in the mortgage to subject the entire fee interest to the lien. *Id.*

The deed granting Williams the fee simple determinable estate was duly recorded and was referred to in the mortgage. Green Tree was on notice of the nature of the estate. *See* S.C.Code Ann. § 30–9–30 (2007) (stating recording of instrument is notice to all persons, sufficient to put them upon inquiry of the purport of the filed instrument and the property affected by the instrument); *Binkley v. Rabon Creek Watershed Conservation Dist.*, 348 S.C. 58, 71, 558 S.E.2d 902, 909 (Ct.App.2001) (stating notice of a deed is notice of its whole contents). Garvin never joined in the mortgages and the mortgages were subject to the determinable quality of the estate. When the determinable fee was terminated, Green Tree's interest in the property terminated. Therefore, the special referee erred in holding Garvin's interest in the property was subject to Green Tree's mortgages.

### 2. Trespass

■ Garvin argues the special referee erred in holding her claim for trespass failed as she had not established a diminution in the market value of the property due to placement of the mobile home on her property. We agree.

■ If a plaintiff establishes a willful trespass, the damages from invasion of the plaintiff's legal rights will be presumed sufficient to sustain the action even though such damages may be only nominal and not capable of measurement. *Hinson v. A.T. Sistare Construction Co.*, 236 S.C. 125, 113 S.E.2d 341, 344 (1960). Thus, Garvin did not need to establish a diminution in value to her property to maintain her claim for trespass. We reverse the order of the special referee and remand the trespass claim for further proceedings.

### CONCLUSION

We reverse the special referee's holding that Garvin's interest in the property was subject and junior to Green Tree's

mortgages. We further reverse the special referee's ruling on Garvin's trespass claim and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**

PIEPER, J., and CURETON, A.J., concur.