## 11455

### ATLANTIC COAST LUMBER CORPORATION v. LANGSTON LUMBER CO.

#### (122 S. E., 395)

1. LOGS AND LOGGING—PERSON RELYING ON RECORD PROTECTED AGAINST NEGLIGENCE OF RECORDING CLERK.—Where plaintiff secured an extension of time for the cutting of timber, relying on the record title, having no notice that the recording clerk had negligently failed to include the *habendum* clause in the record of a deed in fee from plaintiff's grantor, so that the deed as recorded contained no words of inheritance, *held,* that plaintiff is protected against one claiming under that deed; there being nothing in the deed as recorded calculated to put plaintiff on notice as to the terms of the original deed.

2. DEEDS—CONVEYANCE NOT MENTIONING WORD "HEIRS" CANNOT CONVEY FEE.—A conveyance of real estate not carrying the word "heirs" cannot convey the fee.

Before DENNIS, J., Florence, July, 1923.    Affirmed.

Action by the Atlantic Coast Lumber Corporation against Langston Lumber Company. Judgment for plaintiff and defendant appeals.

The circuit decree follows:

This matter comes before me upon an agreed statement of fact and supporting documents. The agreed case appears to contain at least one inaccuracy where it says, in Paragraph V that "Samuel Yarborough conveyed a one-half interest in the land unto his brother, James Yarborough, reciting in the deed that it was for the purpose of partition." As a matter of fact, the deed describes 244 acres of the 300-acre tract of the Trisvan Eaddy land and recites: "Samuel Yarborough and James Yarborough acquired jointly a certain tract of land in the State and County aforesaid, containing 300 acres, more or less, by

Note: On liability of Registrar of Deeds for neglect, delay, or mistake in registering or indexing instrument affecting title to real property, see note in 23 L. R. A. (N. S.), 127.

title from Trisvan Eaddy, bearing date January 27, 1883, also another tract of 33¾ acres, in the same State and County by title from B. Wallace Jones, bearing date August 21st, 1891; both of which titles were made to Samuel Yarborough." In this situation the contents of the deed attached to the statement of facts as a part of it would supersede the inaccurate statements of counsel, and I shall so treat the matter herein.

There is nothing in the record to indicate that the 33¾-acre tract acquired from B. Wallace Jones, referred to in the above-quoted recitals, ever became involved in this transaction in any manner, and, therefore, that parcel of land will not be considered in this case.

For convenience I shall here restate the facts in chronological order, as follows:

On July 27, 1883, Trisvan Eaddy conveyed a 300-acre tract of land to Samuel Yarborough. On March 10, 1900, he conveyed the timber to the Atlantic Coast Lumber Company; before 1905 Atlantic Coast Lumber Company acquired all rights in the timber and easements from Atlantic Coast Lumber Corporation. On June 5, 1905, Samuel Yarborough made a deed to James Yarborough for 244 acres of the Trisvan Eaddy land, containing the recitals above quoted and excepting the timber sold to the Atlantic Coast Lumber Company therefrom. On February 5, 1910, James Yarborough conveyed his interest in the 244 acres conveyed to him by Samuel Yarborough unto J. C. Lynch, who in 1923 conveyed the timber thereupon unto the Langston Lumber Company.

On December 1, 1914, for the valuable consideration, Samuel Yarborough executed an agreement to the plaintiff by which he made definite and certain the provisions of the timber deed as to the time within which for the plaintiff to enter and cut the timber and exercise the timber rights, privileges and easements conferred by the timber deed of March 10, 1900. This instrument extended the time for

cutting until the 10th day of March, 1920.    On June 13, 1919, Samuel Yarborough again extended the time for cutting until the 10th day of March, 1930, by duly executed instrument in writing based upon a substantial and valuable consideration.

When the Clerk of the Court for Williamsburg recorded the deed from Samuel to James Yarborough, on the —— day of June, 1905, the said Clerk negligently failing to include the habendum clause in the record so that the deed as recorded contained no words of inheritances.

When the defendants entered under 'the deed from, Lynch and began their operations on this land plaintiff commenced suit for injunction, claiming to be the owner of the timber, and to have until March 10, 1930, within which to cut and remove the same.

The circumstances attending the parties in their present difficulty flows immediately from the negligence of the Clerk of the Court in failing, correctly, to record the deed from Samuel to James Yarborough, as result of which some one must suffer, unless relieved by some other circumstances, and as to this primary matter I shall now address myself.

A conveyance of real estate not carrying the word "heirs" cannot convey the fee.    Some lesser estate must be created.    See *Jones v. Kelley,* 94 S. C., 349; 78 S. E., 17.

The record of the deed from Samuel to James Yarborough did not disclose the use of this all-important word, and the plaintiff acted upon the assumption that the record was correct and construed the deed as conveying a life estate, with timber excepted.    In this construction I fully concur. But the question arises whether or not the plaintiff had the right to rely upon the record.

In the case of *Bamberg v. Harrison,* 89 S. C., 454; 71 S. E., 1086; Ann. Cas. 1913B, 68, Mr. Justice Woods, speaking for the Court, uses these words:    "The Courts of highest resort are in direct conflict on the question, as will be seen by reference to the cases collated in notes in

96 Am. St. Rep., 398, and 4 A. & E. Annotated Cases, 561. But in this State the rule is firmly established that the purchaser of mortgaged property, in the absence of express notice, may safely rely on the record and is not bound by the neglect or errors of the recording officer. *Building & Loan Association v. McCartha,* 43 S. C., 72; 20 S. E., 807. *Burriss v. Owen,* 76 S. C., 481; 57 S. E., 542. A cogent reason for preferring this rule is that one who files a paper for record always has it in his power to examine the records and satisfy himself that his paper has been duly and accurately recorded, while it is impossible for a prospective purchaser or creditor to anticipate and inquire about and ascertain the innumerable forms which the negligence or mistakes of the officer may assume."

In the case of *O'Neill v. Cooper River Lumber Company,* 109 S. C., 35; 95 S. E., 124, we have a case very similar to the case at bar. There, as here, we have defective recording, affecting the question of timber extension and there, in reliance upon the case, *supra,* the same conclusion was reached. Upon the authority of these two cases I conclude that the plaintiff did have the right to rely upon the record and said record disclosing a life estate, with timber excepted, to James Yarborough, the plaintiff had the right to deal with Samuel Yarborough in 1914, and, said Samuel Yarborough not having done anything to change his position, it had the same right in 1919.

It being admitted that neither the plaintiff nor any of its attorneys had any actual knowledge of the fact that the Clerk of Court had negligently failed to properly record the deed, I hold that the plaintiff, in obtaining from Samuel Yarborough the construction of the timber deed in 1914 and the extension in 1919, occupies the position of an innocent purchaser for value without notice. In the *O'Neill Case, supra,* it is said: "His rights, therefore, must be determined just as if the number of years mentioned in the original deed had been three instead of ten."

The defendants, however, urge upon my attention the argument that there was enough stated in the deed from Samuel Yarborough to James Yarborough to have put the plaintiff on inquiry. If we look to the deed we find that it recites only the bare fact that the two brothers named "acquired jointly" the lands. It does not say that it was purchased with the funds of both, so as to imply an equitable ownership in the grantee, James Yarborough. It is a further fact that while Trisvan Eaddy conveyed unto Samuel Yarborough only 300 acres of land, that the deed from Samuel to James Yarborough conveyed to him 244 acres thereof. There is nothing before me to indicate what became of the Jones tract mentioned in the preamble of this deed. There is nothing before me to indicate that James Yarborough took lands of inferior value to account for his large acreage. Nor was there any of record in the Clerk's office, so far as this case. discloses, to throw any light upon these points. I am not permitted to indulge in speculations as to these matters, nor was the plaintiff required so to do when it made its record investigations in 1914 and 1919, but if it did it is quite natural to suppose that it might have reasoned that James Yarborough preferred a life estate in the large acreage to the fee in a smaller acreage, and in consequence accepted the deed as it appeared upon the record. I cannot sensibly conclude that there was anything in the deed which was calculated to put the plaintiff on inquiry as to the contents of the original deed. Certainly not from the facts nor the law as it is written in the cases quoted above. These cases specifically hold that plaintiff may rely on the record, and now defendants desire me to say that that rule is to be qualified where the record shows a condition of affairs which the defendants do not feel, is, to say the most of it, natural, probable, or reasonable, and the feeling is doubtless superinduced by the desire to save the timber to themselves.

Having concluded that plaintiff might rely upon the record; that from the record the plaintiff was warranted in concluding that James Yarborough took only a life estate in a part of the lands, with the timber excepted from the record of his deed, it follows that plaintiff obtained a valid and binding construction of the terms of the timber deed in 1914 that fixed its rights until March 10, 1920, and as Samuel Yarborough, for the same reasons, might have extended the time for ten years additional or until 1930 at that time and in the same instrument I know of no reason why he was prohibited from later making this additional extension, as he did.

It is apparent from the record upon which the plaintiff relied that when James took his life estate it was then burdened with a timber contract under which the grantee of the timber had the right to wait a reasonable time and then have ten years from the time it began cutting with the privilege of extension for an unlimited period thereafter by paying interest on the purchase price. James Yarborough is chargeable with notice of the contents of this instrument as it appeared of record when he took his deed, and it cannot now be successfully contended by his grantees that by making the extension until March 10, 1930, in two instruments that a greater burden was placed on his estate than would have been the case had such extension been made in one instrument, and the right to have extended until 1930 by Samuel Yarborough in 1914 cannot now be questioned.

In submitting the case to me the counsel have thoughtfully framed the questions arising thereon that they would have me consider in reaching my conclusion. They are stated affirmatively by the plaintiff and negatively by the defendant, and no question is made as to whom the money ought to have been paid; the parties and their counsel correctly assuming that the decision of the case is dependent upon the decision of the primary question arising out of

the negligent recordation of the Yarborough deed, unless that position is defeated by a supposed duty of the plaintiff to inquire beyond the record, which I have denied, and in so doing have passed upon all of the questions submitted to me and it is, therefore, ordered, adjudged, and decreed:

I. That the plaintiff is the owner of the timber described in its timber deed and contract, bearing date March 10, 1900, and that it has until March 10, 1930, within which to enter upon the lands therein described, cut, and remove the timber and use and enjoy the timber, timber rights, ways, privileges, and easements granted and conferred by the terms of said deed and the extensions thereof.

II. That the defendants and all persons, their agents, servants, and employees be and they are hereby enjoined and restrained from in any manner trespassing upon, cutting, handling, hauling, or removing the said timber and trees or molesting the plaintiff in the use, possession, and occupation thereof.

*Messrs. McNeill & Oliver,* for appellant, cite: *Circumstances which puts party on inquiry make him chargeable with notice of facts which inquiry would disclose:* 104 S. C., 1; 132 A. S. R., 1079; 2 Pom. Eq. Jur., Pr. 1102-4, par. 597, 628, 629; 29 Cyc., 1115. *Reversioner cannot authorize cutting during life estate:* 21 C. J., 1019.

*Mr. Phillip H. Arrowsmith,* for respondent, cites: *Recorded deed is higher notice than unrecorded original deed:* 89 S. C., 445; 109 S. C., 35.

April 8, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The decree of Judge Dennis so fully, clearly and satisfactorily states the facts and the correct conclusions of law in this case, that we will not attempt to improve on it.

The decree is, therefore, affirmed for the reasons therein stated.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.