20238

COUNTY OF ABBEVILLE, Respondent, v. James W. KNOX, Appellant.

(225 S. E. (2d) 863)

*Messrs. Watson & Ayers,* of Greenwood, *for Appellant,*

*Messrs. Mays, Bishop & Hughston,* of Greenwood, *for Respondent,*

June 10, 1976.

RHODES, Justice:

This appeal involves the construction of a deed in which 1.96 acres of land were conveyed to defendant-appellant, James W. Knox, by plaintiff-respondent, the County of Abbeville. The lower court construed the deed as conveying a fee simple subject to a condition subsequent. Knox contends a fee simple absolute estate was conveyed to him. We agree and reverse.

The County conveyed the land to Knox for $100.00 on August 17, 1965. The pertinent portion of the granting clause in the deed is as follows:

"Have Granted, Bargained, Sold and Released, and by these presents do grant, bargain, sell and release unto the said James W. Knox, his heirs, assigns and successors."

The deed contains the following *habendum* clause:

"To Have and To Hold, all and singular the said premises before mentioned unto the said James W. Knox, his heirs and assigns forever."

After the property conveyed is described, the following provision appears in the deed:

"This being the same property conveyed to James W. Knox d/b/a Knox Machine Works as shown on a plat by J. Rivers Mabry, dated August 6, 1965 and recorded in Plat Book 14 at page 143 in the office of the Clerk of Court of Abbeville County; and it being understood by all parties that this conveyance is being given for the purpose of further industrial development to the extent that there will be constructed, or erected, thereon a facility in keeping with the other development of the Abbeville County Industrial Park to be known as "Knox Machine Works", or appropriate name similar thereto, said building, or buildings, to be of such construction and type to be approved by the Abbeville County Planning, Research and Development Board; provided that such development and/or construction

shall be done within a period of five years, and if not done within this number of years the County of Abbeville may have the privilege to re-purchase said property at the above consideration ($100.00) plus any costs of development, taxes and simple interest at six (6%) percent."

On March 17, 1975, the County commenced the present action and alleged in its complaint that the provision following the description in the deed constituted a condition subsequent, and that Knox had not developed the property as required by this provision. The complaint asked the lower court to determine that the estate conveyed to Knox was subject to a condition subsequent; that a determination be made that the condition had been broken; and that an order be issued requiring Knox to reconvey the 1.96 acres to the County. Knox in his answer denied the material allegations of the complaint and alleged that he owned a fee simple absolute estate. In addition, he asserted the defenses of waiver, laches, and estoppel.

The action was tried without a jury after which the lower court, relying exclusively on *Byars v. Cherokee County,* 237 S. C. 548, 118 S. E. (2d) 324 (1961), held that a fee simple subject to a condition subsequent had been conveyed to Knox in 1965 and he had breached the condition. It further held that the County had not waived performance of the condition and was not guilty of laches.

In the construction of the deed in this action, we are guided by two rules of construction deeply embedded in our jurisprudence. First, that the intention of the grantor must be ascertained and effectuated if no settled rule of law is contravened. *Southern Railway Co. v. Smoak,* 243 S. C. 331, 133 S. E. (2d) 806 (1963). Second, that a complete and absolute estate created in the granting clause cannot be cut down by subsequent provisions in the deed. *Stylecraft, Inc. v. Thomas,* 250 S. C. 495, 159 S. E. (2d) 46 (1968).

The lower court determined that the intention of the County, based on the provision following the description

in the deed, was to convey an estate in fee simple subject to a condition subsequent. The County contends the rule stated in *Stylecraft,* which is supported by a long and unbroken line of decisions therein cited, was not contravened by this construction of the deed because the estate conveyed in the granting clause is not cut down by the condition subsequent. We disagree.

In *Stylecraft,* an assignee of the grantor alleged that he owned a reversionary interest in a tract of land conveyed to the trustees of a school. The granting clause of the deed contained the necessary words to convey a fee simple absolute estate. However, a provision following the description of the property stipulated that the land was to be used for school purposes only and was to revert to the grantor or his heirs and assigns should it ever be used for other purposes. The plaintiff, a successor in title, claimed ownership in fee simple absolute. It was stipulated that for some time prior to the acquisition of the tract by the plaintiff that the property had ceased to be used for school purposes. This Court held in *Stylecraft* that the restrictive words following the description of the property were ineffectual to cut down the fee simple absolute estate conveyed in the granting clause.

There is essentially no practical difference between the limitation asserted in *Stylecraft* and the condition subsequent alleged to be annexed to the fee simple estate in the instant case with reference to their potential affect on the quantum of estate conveyed in the granting clause. The only legal difference is the manner of termination. *Purvis v. McElveen,* 234 S. C. 94, 106 S. E. (2d) 913 (1959). An estate in fee simple subject to a condition subsequent does not expire but is divested. It does not end automatically upon the occurrence of the breach of condition but only thereafter, at the option of the person having the power of termination. Restatement of Property, §§ 24, 45 (1936). Both limitations, however, subject the fee simple estate to potential defeat. To allow the intention of the County to prevail as expressed in the provision following the description would

clearly, therefore, contravene the time-honored rule stated in *Stylecraft. Easterly v. Hall,* 256 S. C. 336, 182 S. E. (2d) at 671 (1971).

In *Byars v. Cherokee County, supra,* the grant was to Cherokee County without any words of inheritance or succession. The *habendum* clause contained the following language:

"TO HAVE AND TO HOLD all and singular the said premises before mentioned unto the said Cherokee County—its—successors and Assigns forever.

'Provided that in case the said lot of land shall cease to be used by the County of Cherokee for curing house purposes that the said Forrest Byars shall have the right to repurchase the said lot of land and have same reconveyed to him upon the payment of the said purchase price of $50.00, Cherokee County to have the right to remove therefrom at that time any improvements placed on the said land if desired.' " [1]

This Court held in *Byars* that the provision in the *habendum* created a condition subsequent, and upon the happening of the event stated entitled the grantor to a reconveyance of the property. The rule stated in *Stylecraft* was not applicable in *Byars* because no words of inheritance or succession were used in the granting clause, leaving the absence of such words subject to explanation in subsequent provisions of the deed. Restatement of Law, § 35 (1936); *See Southern Railway Co. v. Smoak, supra.* However, in the present case a fee simple absolute estate was conveyed in the granting clause by the use of clear and plain words of inheritance. Therefore, the rule stated in *Stylecraft* is applicable in determining the quantum of estate conveyed to Knox. The lower court was in error in failing to apply this rule.

---

[1] The opinion in *Byars* does not contain a full record of the granting and habendum clauses of the deed. The above references to the *Byars* deed have been taken from pages 76 and 77 of the Transcript of Record on file with this Court.

While we are not insensitive to the equities in this case, it is essential that the long established law affecting title to real estate be maintained. This consideration is expressed in *Cresswell v. Bank of Greenwood,* 210 S. C. 47, 41 S. E. (2d) 393 (1947), as follows:

"The conclusion reached by the lower court, which we affirm, with respect to the construction of the deed, is inevitable under our fixed rules of law which leave no room for speculation upon the intent of the grantor. The latter is to be achieved in the construction of writings, if ascertainable therefrom and consistent with applicable legal principles; but intention is unavailing to avoid the latter where words of settled legal import are used and contrary principles are encountered. In such cases the intention will be conclusively presumed to accord with the established meaning of the words and to conform to the fixed rules of construction. Otherwise there would be little stability of land titles." *Accord, Stylecraft, Inc. v. Thomas, supra; McLaurin v. McLaurin,* 265 S. C. 149, 217 S. E. (2d) 41 (1975).

Accordingly, the estate conveyed to Knox in 1965 by the County was a fee simple absolute estate and the contrary construction of the deed by the lower court was in error.[2]

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.

---

[2] Another deed from the County to Knox conveying a small strip of land adjacent to the southern portion of the property conveyed in 1965 was also held to convey an estate subject to a condition subsequent. Our disposition of this issue of the estate conveyed by the 1965 deed is also dispositive of this latter deed.