21735

Wilson SHEALY, Charles R. Shealy, William J. Shealy and Jean W. Shealy, Respondents, v. SOUTH CAROLINA ELECTRIC AND GAS COMPANY, Appellant.

(293 S. E. (2d) 306)

*Francis P. Mood, of Boyd, Knowlton, Tate & Finlay,* Columbia, for appellant.

*F. Glenn Smith,* Columbia, *and Henry H. Taylor, of Kirkland, Taylor, Moore & Allen,* West Columbia, *for respondents.*

June 16, 1982.

NESS, Justice:

S. C. E. & G. appeals an order construing the provisions of a deed allowing respondents, Shealy, et al., to continue in possession and control of certain realty on Lake Murray and further requiring S. C. E. & G. to compensate respondents for improvements which they made to the property. We reverse.

The deed here was executed due to the development of the Lake Murray dam and hydroelectric plant. Frank W. Shealy conveyed a 747 acre tract to Lexington Water Power Company for $12,196.00 on July 22, 1927. The pertinent portion of the granting clause in the deed provides:

" . . . [H]ave granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto the said Lexington Water Power Company, its successors and assigns . . ."

The habendum and warranty clauses in the deed further state:

"Together with all and singular the rights, members, hereditaments and appurtenances to the said premises belonging or in anywise incident or appertaining . . . to have and to hold all and singular the premises before mentioned unto the said Lexington Water Power Company, its successors and assigns forever.
"And I do hereby bind myself and my heirs, executor and administrators, to warrant and forever defend all and singular the said premises unto the said Lexington Water Power Company, its successors and assigns, against myself and my heirs, and against every person whomsoever lawfully claiming, or to claim, the same or any part thereof."

Following the description of the property which was preceded by the granting clause, the deed states:

"It is further agreed that the grantor herein, his heirs and assigns, shall retain in possession and control of said land until possession is required for the *purpose* of said Lexington Water Power Company, its successors and assigns, provided the same does not interfere with the construction work of the grantee, its successors and assigns." (Emphasis added).

The trial court construed the term "purpose" as contained in the above portion of the deed to mean the impounding of

water on the land for hydroelectric development, relying on a clause contained in the option agreement which was executed prior to the conveyance of the land. The option agreement contains the provision:

> "Now this agreement sets forth the understanding that 'the purposes of T. C. Williams, his heirs, assigns or successors,' . . . is the impounding of water on said land for hydroelectric development."[1]

After executing the deed and agreement, Frank W. Shealy moved on the premises in March 1928 and made improvements. Following his death, Mr. Shealy's widow and four sons continued to reside there and one of the sons still lives in the house and controls the land. Respondents made numerous improvements on the land until this action arose in 1969-1970.[2]

Appellant contends the "purpose" clause of the deed has the effect of diminishing its fee simple title, conveyed in the granting clause, and thus the trial court erred in interpreting the deed so as to limit S. C. E. & G.'s use of the land solely to the impounding of water. We agree.

■ Where the granting clause in a deed purports to convey a fee simple absolute title, subsequent provisions of the deed *cannot* diminish that granted or deprive the grantee of the incidents of ownership in the property. *County of Abbeville v. Knox,* 267 S. C. 38, 225 S. E. (2d) 863 (1976); *Stylecraft, Inc. v. Thomas,* 250 S. C. 495, 159 S. E. (2d) 46 (1968).

■ This deed falls squarely within this rule. The granting, habendum and warranty clauses clearly convey a fee simple absolute; the restrictive "purpose" clause following the description of the property purports to deprive the

---

[1] During the years 1926-1927 T. C. Williams was vice president of Lexington Water Power Company, and secured this option on behalf of the Company.

[2] This lawsuit was precipitated when agents of S. C. E. & G. were prohibited by respondents from marking lumber and conducting surveys on the land. Respondents initially asserted title to the land by adverse possession. However, the trial court held by its order filed 3/23/77, that respondents failed to sustain the burden of proof required to establish a claim by adverse possession. No appeal was taken from that order.

[3] "Usufruct" is an archaic term defining the word "use" and is not a vested interest in property. *Kelly v. Lansford,* 572 S. W. (2d) 369, 372 (Tex. 1978).

grantee of every incident of ownership in the property except use for impounding waters.

Respondents assert the "purpose" clause merely defines the "usufruct"[3] of the land which can be held separate from the title to the land. *Cribb, et al. v. Rogers, et al.,* 12 S. C. 564 (1879); *Glasgow v. Glasgow,* 221 S. C. 322, 70 S. E. 2d 432 (1952). However in *Cribb and Glasgow,* supra, we merely upheld the retention of a life estate interest in property conveyed where *the reservations were clearly made in the granting clause.*

Here there was no reservation in the granting clause. The "purpose" clause in the deed of Frank W. Shealy cannot be interpreted to reduce the interest acquired by S. C. E. & G. under the granting clause of the deed. The construction given this deed by the trial court denies S. C. E. & G. use of the property and thus is error. We conclude respondents are tenants at will and that their tenancy may be terminated by the giving of reasonable notice.

Next, appellant alleges the trial court erred in requiring S. C. E. & G. to pay compensation for improvements respondents made on the premises. We agree and reverse.

The trial court determined respondents have an equitable right to compensation and held S. C. E. & G. "should be stopped (from denying compensation) by its apparent acquiescence in or its silence concerning improvements made over a period of more than forty years prior to the commencement of this action." *C & S National Bank v. Modern Homes Construction Co.,* 248 S. C. 130, 149 S. E. (2d) 326 (1966). The trial court, however, failed to consider that this equitable remedy *requires* the party seeking compensation to have made the improvements under the bona fide belief he was the true owner. *C & S National Bank v. Modern Homes Construction Co.,* supra, 248 S. C. at 133, 149 S. E. (2d) 326, holds that only " . . . one who placed improvements on the land of another, *under the bona fide belief that he was the owner, could recover full compensation for the value of the improvements—* ." (Emphasis added). Also see *Piedmont & Northern Ry. Co. v. Henderson, et al.,* 216 S. C. 98, 56 S. E. (2d) 740 (1949); *Southern Ry. Co. v. Day,* 140 S. C. 388, 138 S. E. 870 (1926).

Here respondents admit they knew of the 1927 deed of Frank W. Shealy and thus had actual knowledge they were

not the true owners of the land. Moreover, respondents had constructive notice of S. C. E. & G.'s title by the deed which was properly recorded in the courthouse records and also respondents never paid any taxes on the land.

Respondents knew or should have known they did not have clear title to the property and thus made improvements at their own risk. Upon the termination of respondents' tenancy, they are not entitled to compensation for improvements.

The order of the trial court is reversed, and fee simple absolute title is held to be in S. C. E. & G.

Reversed.

LEWIS, C. J., and LITTLEJOHN and HARWELL, JJ., concur.

GREGORY, J., not participating.