1024

BATESBURG-LEESVILLE SCHOOL DISTRICT NUMBER 3, Appellant-Respondent v. Annie B. TARRANT, C. C. Alexander, Calbraith Butler Bates, Julia B. Wright, Moses Alexander, Lizzie A. Martin, Kate Alexander; Mary A. Alexander, Frances A. Crosley, Velmah A. Price, Sylvia A. Crosby, Katherine A. Mims, William Tarrant, Nancy Hutto; Fred L. Cartledge, Jr., Doris Cobb, Patsy Goodwin, Beth Leaptrott, Anne Bates Crocker, W. R. Cullum, Thelma Bates Rikard, David Bates, Ann Wilkerson, Genie Brommett, Jacque Chandler, Kate W. Gibson, Frances W. Bissett, Pattie Ruth Bailey, Bill H. Bailey, Jr., Paul Bailey, Katherine Bailey Parsley, Walter L. Martin, Ella Katherine Martin Young, William C. Martin, Ronald E. Martin, Kay S. Martin Hopkins, Pamela A. Martin, M. Joy Martin Glagola, Jonothan Dawson Martin, Jr., Marty J. Martin Anderson, Julia B. Martin Dorsey, Moses A. Martin, Mary V. Martin Taylor, James C. Martin, Robert A. Martin, Andrew D. Martin; and as defendants whose names are unknown, any child or children and heirs at law or distributees of any of the above-named defendants, if deceased, and all persons entitled to claim under or through them, or any of them; also all other persons unknown claiming any right, title, estate, interest in, or lien upon the real estate described in the Complaint herein; any unknown adults being as a class designated as John Doe, and any unknown infants, or persons under legal disability or persons in the military service being as a class designated as Richard Roe, Respondents-Appellants.

(361 S. E. (2d) 343)

Court of Appeals

*Robert K. Bouknight* and *Jeff M. Anderson*, Lexington, *for appellant-respondent.*

*Addison G. Wilson* and *Henry L. Deneen*, West Columbia, *for respondents-appellants.*

Heard Sept. 15, 1987.

Decided Oct. 12, 1987.

GARDNER, Judge:

This case involves the construction of a deed to School District Number 18 of Saluda County. Respondent Batesburg-Leesville School District Number 3 (the school district), as successor to the original grantee of the deed in question, brought this declaratory judgment action to determine the ownership of the subject property.

The above-named respondents-appellants contend that they are co-tenant reversioners under the deed. The consideration expressed by the deed is "for and in consideration of the use by the hereinafter mentioned grantee of the tract of land herein conveyed for the uses and purposes mentioned by the trustees of School District Number 18 as trustees of School District Number 18 of Saluda County." The granting clause of the deed conveys the property to "School District Number 18 of Saluda County, State of South Carolina, to be used for school purposes." The habendum clause is, "to have and to hold ... the said premises before mentioned unto the said School District Number 18 of Saluda County, State of South Carolina, so long as it is used as a building site on

which is erected a School Building." The special warranty of the deed and all renunciations of dower are limited by the same language or essentially the same language as the habendum clause.

The appealed order construed the deed as conveying to the school district a fee simple determinable estate which terminated when the school district ceased to use the property for school purposes and that thereupon the fee to the property reverted to the original grantors or their successors in title. The school district appeals. We affirm.

The school district first contends that the granting clause conveyed a fee simple absolute estate and that the grantors merely stated the purposes for the conveyance and did not restrict or place any condition on the fee simple absolute title conveyed. To support this thesis the school district relies on the familiar rule that once the fee is conveyed by the granting clause, it cannot be cut down by subsequent language in the deed. The school district argues that there is no case law in South Carolina which requires words of inheritance to be in the granting clause or habendum of a deed in order for it to convey fee simple absolute title to a school district. Additionally, the school district quotes Professor David H. Means' article entitled *Words of Inheritance and Deeds of Land in South Carolina: A Title Examiner's Guide*, 5 S. C. L. Q. 313, 326 (1952), in which it is stated, "Words of inheritance or succession are unnecessary in the conveyance by deed of a fee simple estate to the United States or to a State or subdivision thereof." Under this authority the school district asserts the granting clause of the land conveyed a fee simple estate.

For the reasons stated below, we hold that the above rule by Professor Means is not applicable to a situation where a clear intent to the contra is manifested by the deed when read as a whole.

In *County of Abbeville v. Knox*, 267 S. C. 38, 225 S. E. (2d) 863 (1976), the court referred to the case of *Byars v. Cherokee County*, 237 S. C. 548, 118 S. E. (2d) 324 (1961) and noted that the opinion in *Byars* did not contain a full record of the granting or habendum clauses of the deed. The court referenced the transcript of record of the *Byars* case and then held:

In *Byars v. Cherokee County, supra,* the grant was to Cherokee County without any words of inheritance or succession. The habendum clause contained the following language:

> "TO HAVE AND TO HOLD all and singular the said premises before mentioned unto the said Cherokee County — its — successors and Assigns forever.
>
> 'Provided that in case the said lot of land shall cease to be used by the County of Cherokee for curing house purposes that the said Forrest Byars shall have the right to repurchase the said lot of land and have same reconveyed to him upon the payment of the said purchase price of $50.00, Cherokee County to have the right to remove therefrom at that time any improvements placed on the said land if desired.' "

This Court held in *Byars* that the provision in the *habendum* created a condition subsequent, and upon the happening of the event stated entitled the grantor to a reconveyance of the property.

267 S. C. at 42, 225 S. E. (2d) at 865.

We hold *Byars* to be determinative of the school district's argument that the granting clause of the deed conveyed a fee which could not be qualified by later provisions of the deed.

We further hold that the estate conveyed by the deed must be determined from the whole deed including the habendum clause. The cardinal rule of construction of a deed is to ascertain and effectuate the intention of the parties, unless that intention contravenes some well-settled rule of law or public policy. In ascertaining such intention the deed must be construed as a whole, and effect given to every part thereof, if such can be done consistently with the law. *Bean v. Bean,* 253 S. C. 340, 170 S. E. (2d) 654 (1969); *County of Abbeville v. Knox, supra.* And also, the rule is well established in this state that where an indefinite estate is conveyed by the granting clause of a deed, resort may be had to the habendum clause for the purpose of ascertaining the intention of the grantors. *Bean v. Bean, supra.*

And we further hold that the deed, when read as a whole,

is unambiguous. Of special pertinence to this case is the Master's report adopted in the case of *First Baptist Church of Woodruff v. Turner*, 248 S. C. 71, 149 S. E. (2d) 45 (1966) from which we quote:

> As to that portion of property gotten under deed from Joseph Woodruff, I find that the language in that deed conveyed a fee simple determinable estate. In *Purvis v. McElveen*, 234 S. C. 94, 106 S. E. (2d) 913, the S. C. Supreme Court stated, "A fee simple determinable is an estate in fee 'with a qualification annexed to it by which it is provided that it must determine whenever that qualification is at an end.' 19 Am. Jur., Estates, Par. 28, p. 486. Such an estate would be created, for example, by a conveyance 'to A and his heirs so long as the land is used for a public school.' Simes and Smith, The Law of Future Interests (2d Ed.), Par. 281. * * *
> " * * * in the case of a possibility of reverter the possessory estate vests immediately and automatically upon the happening of the event whereby the determinable or conditional fee is terminated;"

248 S. C. at 82, 149 S. E. (2d) at 50.

We hold *First Baptist Church of Woodruff* to be determinative of the estate conveyed by the deed before us. The clear intent of the grantors was, we hold, to convey the property to the school district so long as the land be used for a school. The school district admittedly ceased to use the property for school purposes. The learned trial judge correctly ruled that the deed granted a fee simple determinable estate and when the land ceased to be used for school purposes, the fee reverted to the respondents-appellants. And we so hold.

The appealed order additionally provided that the school district be permitted 60 days to remove the building from the property. The respondents-appellants appeal this part of the trial court's order. Upon oral argument, the school district's attorney conceded that, should the appealed order be

affirmed, the school district has no interest in removing the building from the subject property. This issue has therefore become moot.

For the reasons stated, the appealed order is affirmed.

Affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.