595 S.E.2d 846

**J.W. HUNT, Jr., and William R. Hunt, Respondents,**

v.

**South Carolina FORESTRY COMMISSION, Appellant.**

No. 3767.

Court of Appeals of South Carolina.

Submitted March 8, 2004.

Decided March 29, 2004.

Rehearing Denied May 21, 2004.

Robert E. Horner, of Columbia, for Appellant.

C. Kenneth Powell, J. Lewis Cromer and J. Philip Murphy, all of Columbia, for Respondents.

ANDERSON, J.:

The South Carolina Forestry Commission ("SCFC") appeals an order of the trial court, which held that a deed granted to the SCFC in 1937 conveying a ten-acre tract of land merely conveyed a fee simple determinable with a possibility of reverter and not a fee simple absolute. We reverse.[1]

## FACTS/PROCEDURAL BACKGROUND

On January 11, 1937, The First Carolinas Joint Stock Land Bank of Columbia issued a deed to the SCFC granting the commission ten acres of land for the consideration of one dollar.

The granting clause of this deed reads:

The First Carolinas Joint Stock Land Bank of Columbia ... [has] granted, bargained, sold and released, and by these presents [does] grant, bargain, sell and release unto the said

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

[SCFC] **and their successors in office** all that certain piece. . . .

(emphasis added).

The habendum clause provides:

To Have and to Hold all and singular the premises before mentioned unto the said [SCFC] **and their successors in office, and assigns forever.**

(emphasis added).

Following a description of the property conveyed to the SCFC, the deed states:

[T]his deed is upon the express condition that the grantee shall with reasonable dispatch erect and maintain on said lands a suitable fire tower or towers and suitable buildings for the keeper thereof, and use said lands in furthering the cause of reforestation and forest protection, and should the grantee at any time for a period of two years cease to use the property aforesaid for said purposes the title thereto shall revert to the grantor, its successors and assigns, provided, however, that in such case the grantee shall have the right to remove any fire tower or towers or other buildings, if any which the grantee may place on the said lands.

In 1941, The First Carolinas Joint Stock Land Bank of Columbia sold a piece of property adjacent to the ten-acre tract to Thomas Thain. This deed to Thain intended to convey the reversionary rights to the SCFC's ten-acre parcel.

By deed granted in 1943, Thain conveyed various parcels of land to J.W. Hunt, Sr., including most of the tract granted to Thain by the bank. This deed purported to convey to J.W. Hunt, Sr., the reversionary rights in the parcel at issue in this case.

Via an instrument entitled "Deed of Reversionary Rights" dated March 30, 1984, J.W. Hunt, Sr., conveyed to J.W. Hunt, Jr., and William R. Hunt ("Respondents") any interest he had received from Thain by the 1943 deed in the ten-acre parcel at issue.

In 1984, Respondents asked the SCFC for a wider easement across the ten-acre tract for the purpose of allowing trucks greater accessibility in harvesting the tract's lumber. Prior to

granting Respondents an easement, however, the SCFC requested they execute an estoppel agreement whereby Respondents agreed they would not use the easement extension as a basis for arguing that the property had reverted to them. This document was drafted by Respondents' attorney and was signed by Respondents. The agreement did not profess to bind the SCFC and was not signed by any agent of the State of South Carolina or the SCFC.

With the advent of airplane surveillance, the use of fire towers for forest protection became obsolete. In 1993 and 1994, the fire tower and accompanying buildings located on the ten-acre parcel were removed. The SCFC and Respondents undertook preparations to transfer the land to Respondents. After about a year and half of working with the SCFC on obtaining the ten-acre tract,[2] the SCFC informed Respondents that their attorneys believed that Respondents had no valid interest in the property. Based on the SCFC's refusal to transfer the land, Respondents initiated an action seeking a grant of clear title to the ten-acre parcel.

By order filed June 28, 2001, the trial court found that the SCFC was the owner of the land in question. Following a hearing on Respondents' motion to reconsider, however, the trial court withdrew its initial order and filed a substitute order. In the substituted order, the trial court found that the deed granting the land to the SCFC conveyed only a fee simple determinable with a possibility of reverter. Furthermore, the court found that the conditional fee had terminated in 1997. Nevertheless, the order denied Respondents' claim to legal title of the land due to the fact that *inter vivos* transfers of reversionary rights are invalid and without effect in South Carolina.

## STANDARD OF REVIEW

The construction of a clear and unambiguous deed is a question of law for the court. *Gardner v. Mozingo*, 293 S.C. 23, 25, 358 S.E.2d 390, 392 (1987); *Hammond v. Lindsay*, 277

---

2. Initially, the SCFC helped facilitate this transfer of title to Respondents. The parties agreed to what needed to be done prior to this transfer (e.g., survey the land, establish proof of a clear chain of title, etc.) and agreed to split the costs.

S.C. 182, 184, 284 S.E.2d 581, 582 (1981). "[I]t is the duty of the court to construe deeds and determine their legal effect, where there is no such ambiguity as requires parol proof and submission to the jury." 26A C.J.S. *Deeds* § 168 (2001).

Deeds are construed to determine the intent of the parties. To construe a deed, a court looks first at the language of the instrument because the court presumes it declares the intent of the parties. When, and only when, the meaning of a deed is not clear, or is ambiguous or uncertain, will a court resort to established rules of construction to aid in the ascertainment of the grantor's intention by artificial means where such intention cannot otherwise be ascertained.

23 Am.Jur.2d *Deeds* § 192 (2002). "[I]f the language of the deed is unambiguous, then its interpretation is a question of law to be resolved by the reviewing court without resort to extrinsic evidence." *Id.* While a trial court's findings of fact in a nonjury action at law should not be disturbed on appeal unless they are without evidentiary support, a reviewing court is free to decide questions of law with no particular deference to the trial court. *See Rickborn v. Liberty Life Ins. Co.,* 321 S.C. 291, 296, 468 S.E.2d 292, 295 (1996); *Moriarty* v. *Garden Sanctuary Church of God,* 341 S.C. 320, 327, 534 S.E.2d 672, 675 (2000); see *Okatie River, L.L.C. v. Southeastern Site Prep, L.L.C.,* 353 S.C. 327, 334, 577 S.E.2d 468, 479 (2003) ("In an action at law, tried without a jury, the appellate court standard of review extends only to the correction of errors of law."); *State Farm Mut. Auto. Ins. Co. v. Moorer,* 330 S.C. 46, 51, 496 S.E.2d 875, 878 (Ct.App.1998) ("In legal actions, our scope of review extends only to the correction of errors of law.").

## *LAW / ANALYSIS*

The SCFC argues that the 1937 deed granted it the ten-acre tract in fee simple absolute; thus they are under no legal obligation, no matter how the property is used, to transfer the tract to Respondents. We agree.

■ Respondents assert that the language following the physical description of the property in the deed "cuts down" the fee simple conveyance of the granting clause to a fee simple determinable with a possibility of reverter. While this

is certainly a sensible interpretation of this deed when read in its entirety, this construction is nevertheless legally incorrect. It is a well established rule of law that where the granting clause of a deed purports to convey title in fee simple, the estate may not be cut down by subsequent words in the same instrument. *Shealy v. South Carolina Elec. & Gas Co.*, 278 S.C. 132, 135, 293 S.E.2d 306, 308 (1982) ("Where granting clause in deed purports to convey fee simple absolute title, subsequent provisions of deed cannot diminish that granted or deprive grantee of incidents of ownership in property."); *County of Abbeville v. Knox*, 267 S.C. 38, 40, 225 S.E.2d 863, 864 (1976) (holding where the deed conveyed fee simple absolute estate in its granting clause by use of words of inheritance, provision inserted in deed after description of property, that property would be used for industrial development, is not a condition subsequent; instead, deed would be construed as conveying a fee simple absolute estate); *Stylecraft, Inc. v. Thomas*, 250 S.C. 495, 498, 159 S.E.2d 46, 47 (1968) (finding that "the granting clause conveyed a fee simple absolute; the restrictive words following the description of the property were ineffectual to cut down that estate"). Only if the granting clause is deemed "indefinite," may the court look to other parts of the deed to ascertain the intent of the grantor. *See Batesburg–Leesville Sch. Dist. No. 3 v. Tarrant*, 293 S.C. 442, 445, 361 S.E.2d 343, 345 (Ct.App.1987).

■ Respondents argue that the granting clause of the 1937 deed is indefinite due to the lack of the word "forever." The granting clause of the deed in question conveys the tract to the SCFC and "and their successors in office." Traditionally, the phrase "and their successors in office, forever" is the classic language of inheritance used for granting a fee simple absolute in land to a government entity. *See Hoogenboom v. City of Beaufort*, 315 S.C. 306, 316, 433 S.E.2d 875, 882 (Ct.App.1992).

■ To constitute a definite grant in fee simple absolute, the granting clause of a deed must contain language of inheritance limiting the grant to the intended grantee and his heirs. *McMichael v. McMichael*, 51 S.C. 555, 557, 29 S.E. 403, 403 (1898); *see also Wayburn v. Smith*, 270 S.C. 38, 42, 239 S.E.2d 890, 892 (1977) ("It is the rule in this State that where an

incomplete or indefinite estate is conveyed by the granting clause, as for instance where no words of inheritance accompany the grant, or where the granting clause creates a life estate, resort may be had to the habendum for the purpose of ascertaining the intention of the grantor and thus a life estate may be enlarged into a fee simple estate."); *Atl. Coast Lumber Corp. v. Langston Lumber Co.*, 128 S.C. 7, 9, 122 S.E. 395, 396 (1924) ("A conveyance of real estate not carrying the word 'heirs' cannot convey the fee."); *Tarrant*, 293 S.C. at 445, 361 S.E.2d at 345 (finding an indefinite estate was conveyed by the granting clause because of the omission of words of inheritance; and therefore, resort was had to the habendum clause for the purpose of ascertaining the intent of the grantors). This court is unaware, however, of any authority requiring the inclusion of words of perpetuity such as "forever" in a deed's granting clause. On the contrary, when looking at case law concerning deeds granting fee simple to individuals, it appears, by analogy, that no such language is necessary. *See Antley v. Antley*, 132 S.C. 306, 309, 128 S.E. 31, 32 (1925) ("A deed to one and his heirs grants a fee-simple estate."). When conveying property to a government entity, the words "successors in office" contemplate the same principle of inheritance that "heirs" would in a deed granted to an individual. While the phrase "successors in office" is bolstered by the word "forever," the word is not logically required to communicate the required limitation on inheritance.

■ Furthermore, in *Shealy*, the supreme court held that the granting clause "grant, bargain, sell and release unto the said Lexington Water Power Company, its successors and assigns" was a definite grant of a fee simple estate. 278 S.C. at 134, 293 S.E.2d at 307. The court did so with no mention or record in its opinion of any words of perpetuity in the deed's granting clause such as "forever." We conclude, therefore, that the word "forever" is not required in the granting clause of a deed for the clause to constitute a definite grant of fee simple absolute.

■■ When reading the 1937 deed in its entirety, it does appear that the grantor intended the property to revert on the occurrence of certain circumstances set forth in the deed. While it is a cardinal rule of deed construction that the intention of the grantor must be ascertained and effectuated,

this intention cannot stand if it contravenes some well settled rule of law or public policy. *Wayburn,* 270 S.C. at 41, 239 S.E.2d at 892. In a "long and unbroken line of decisions," South Carolina courts have approved the rule that where the granting clause in a deed purports to convey title in fee simple absolute, that estate may not be cut down by subsequent words in the same instrument. *Stylecraft,* 250 S.C. at 497, 159 S.E.2d at 47; *accord Shealy,* 278 S.C. at 135, 293 S.E.2d at 308; *Knox,* 267 S.C. at 40, 225 S.E.2d at 864. This court "will not undertake to overthrow a rule of property so long established." *Purvis v. McElveen,* 234 S.C. 94, 102, 106 S.E.2d 913, 917 (1959). This rule of construction must be adhered to even if it runs contrary to the express intentions of the grantor. *Stylecraft,* 250 S.C. at 497, 159 S.E.2d at 47. This contention is best expressed in *Creswell v. Bank of Greenwood,* 210 S.C. 47, 55, 41 S.E.2d 393, 397 (1947) (quoted in *Wayburn,* 270 S.C. at 43, 239 S.E.2d at 892–93), as follows:

> [I]ntention is unavailing to avoid [a rule of law] where words of settled legal import are used and contrary principles are encountered. In such cases the intention will be conclusively presumed to accord with the established meaning of the words and to conform to the fixed rules of construction. Otherwise, there would be little stability of land titles.

Upon finding that the granting clause of the 1937 deed constitutes a definite grant in fee simple, this court must hold that the purpose clause following the property description is ineffectual. The SCFC, therefore, owns the ten-acre parcel in fee simple absolute, notwithstanding any comments Mr. Bumble may care to make on the matter.[3]

 Alternatively, were we to assume arguendo that the granting clause was indefinite, title in fee simple would still lie with the SCFC. It is the rule in this State that where an incomplete or indefinite estate is conveyed by the granting clause, as in the instance where no words of inheritance accompany the grant, resort may be had to the habendum clause for the purpose of ascertaining the intention of the grantor. *Wayburn,* 270 S.C. at 42, 239 S.E.2d at 892; *Bean v. Bean,* 253 S.C. 340, 343–44, 170 S.E.2d 654, 655–56 (1969).

---

3. In discussing this rule of law, the trial judge referenced the character's quote "If the law supposes that, ... the law's a ass a idiot." Charles Dickens, *Oliver Twist,* Chapter 51.

The habendum clause of the deed in question reads, "To Have and to Hold all and singular the premises before mentioned unto the said [SCFC] and their successors in office, and assigns **forever.**" When a habendum clause contains the traditional words of inheritance, it has the effect of enlarging an indefinite granting clause into a fee simple. *Id.* Thus, any indefiniteness in the granting clause of the 1937 deed in question is cured by the language utilized in the deed's habendum clause.

Respondents assert, as an additional sustaining ground, that the SCFC is estopped from contesting Respondents' ownership of the land. We find that Respondents have abandoned this issue. Respondents' cite no authority to support their contention that the actions of the SCFC warrant a finding of estoppel. Issues raised in a brief but not supported by authority are deemed abandoned and will not be considered on appeal. *See In re McCracken,* 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001).

## CONCLUSION

For the forgoing reasons, the order of the trial court is **REVERSED.**

HEARN, C.J., and BEATTY, J., concur.