Perpetual Bank v. Fedder

THIS
OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE  CITED OR RELIED
ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Perpetual Bank, FSB,       
Respondent,
 
 
 

v.

 
 
 
W. Jerry Fedder, William F. Derrick, Earle W.
Mimms, Jr., Carol G. Black, 
 Barbara G. Goodwin, Peter A. Goodwin, John R. Goodwin, Patricia G. Travis, 
 and Paula G. Williams, all individually and in their partnership capacity, 
 and Hardees Food Systems, Inc, Defendants,
of whom W. Jerry Fedder, William F. Derrick, Earle W.
Mimms, Jr., Carol 
 G. Black, Barbara G. Goodwin, Peter A. Goodwin, John R. Goodwin, Patricia 
 G. Travis, and Paula G. Williams, all individually and in their partnership 
 capacity are,        Appellants.
 
 
 

Appeal From Oconee County
J. Cordell Maddox, Jr., Circuit Court 
 Judge

Memorandum Opinion No. 2004-MO-031
Heard June 9, 2004 - Filed June 28, 
 2004

AFFIRMED

 
 
 
Bradley A. Norton and Julie E. Mahon, both of Fedder, 
 Norton, Ballenger & Enderlin, P.A., of Walhalla, for Appellants.
Rivers Lawton McIntosh, of McIntosh, Sherard & 
 Sullivan, of Anderson, for Respondent.
 
 
 

PER CURIAM:  Affirmed pursuant to Rule 220(b)(1), 
 SCACR, and the following authorities: Issue 1: Sauner v. Pub. Serv. Auth. 
 of South Carolina, 354 S.C. 397, 409, 581 S.E.2d 161, 167 (2003) (to recover 
 on a theory of restitution or quasi-contract, the plaintiff must show: (1) that 
 he conferred a non-gratuitous benefit on the defendant; (2) that the defendant 
 realized some value from the benefit; and (3) that it would be inequitable for 
 the defendant to retain the benefit without paying the plaintiff for its value); 
 Issue 2: Duckworth v. First Nat. Bank, 254 S.C. 563, 576, 176 S.E.2d 
 297, 304 (1970) (a defendant is unjustly enriched if the retention of the benefit 
 would be unjust); Issue 3: Hunt v. Forestry Comm, __ S.C. __, 595 S.E.2d 
 846, 851 (Ct. App. 2004) (issues raised in a brief but not supported by authority 
 are deemed abandoned and will not be considered on appeal); Issue 4: Steinke 
 v. South Carolina Dept. of Lab., Licensing and Reg., 336 S.C. 373, 386, 
 520 S.E.2d 142, 148 (1999) (a motion for directed verdict is properly denied 
 where the evidence yields more than one inference or the inference is in doubt); 
 Pitts v. Jackson Nat. Life Ins. Co., 352 S.C. 319, 339, 574 S.E.2d 502, 
 512 (Ct. App. 2002) (in equity, the measure of recovery is the extent of the 
 duty or obligation imposed by law, and is expressed by the amount which the 
 court considers the defendant has been unjustly enriched at the expense of the 
 plaintiff). 
 TOAL, C.J., MOORE, WALLER, BURNETT 
 and PLEICONES, JJ., concur.