THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Lucille Taylor, Appellant,
 
 
 

v.

 
 
 
 Ave Marie
 Williams, Mattie Ann Wright and Isaac Wright, Respondents.
 
 
 

Appeal from Marion County
Michael G. Nettles, Circuit Court Judge
Unpublished Opinion No. 2008-UP-020
Submitted January 1, 2008  Filed January 10, 2008     

AFFIRMED

 
 
 
 Jerry L. Finney, of Columbia, and Ernest A Finney, Jr., of Sumter, for Appellant.
 C. Pierce Campbell, of Florence, for Respondent.
 
 
 

PER
 CURIAM:  Lucille Taylor (Lucille) appeals
 an order of the trial court holding Pauline T. Williams (Pauline Williams) and
 Gracie T. Thurmond (Thurmond) were each deeded one acre of land in fee simple
 absolute and not fee simple condition subsequent.  We affirm.[1]
FACTS
On
 December 14, 1965, D. T. Taylor (D. T.), Lucilles father, executed a Last Will
 and Testament and a first codicil.  Lucille was devised a tract of land,
 subject to a life estate in favor of D. T.s wife, Edith Taylor.  D. T.
 fathered Pauline Williams and Thurmond.  Ave Marie Williams (A. M. Williams)
 and Mattie Ann Wright are Pauline Williams daughters.  Mattie Ann Wright is
 married to Isaac Wright (collectively the Wrights).
D. T.s
 codicil provided in relevant part:

 I hereby
 amend ITEM I of the said will so as to provide that in the event my daughter,
 Gracie Thurmond, or my daughter, Pauline Williams, or both of them, desire to
 obtain an acre of land each as a home site for themselves that my wife Edith
 Taylor and my daughter Lucile [sic] Taylor convey to them, or either of them, a
 deed for such one acre of land for each of them upon the payment of the sum of
 One ($1.00) Dollar by each of them for the said land.  

D. T. passed away on February
 3, 1966, and his Last Will and Testament and the codicil were duly probated.
On
 March 19, 1974, Lucille and Edith Taylor conveyed Pauline Williams and Thurmond
 each one acre of the land D. T. devised them.  The granting clause in Pauline
 Williams deed reads:  Edith Taylor and Lucile [sic] Taylor . . . have
 granted, bargained, sold and released, by these presents do grant, bargain,
 sell and release unto the said Pauline T. Williams, her heirs and assigns, forever. 
 In Thurmonds deed, the granting clause contains identical language:  Edith
 Taylor and Lucile [sic] Taylor . . . have granted, bargained, sold and released,
 by these presents do grant, bargain sell and release unto the said Gracie T.
 Thurmond, her heirs and assigns, forever.
Following
 a description of the conveyed property, each deed contains a purpose clause
 noting:

 This
 deed is being executed by the grantors herein in compliance with the terms and
 conditions of the first Codicil, dated December 14, 1965, to the Last Will and
 Testament of D. T. Taylor, dated December 14, 1965, which is duly filed in the
 office of the Judge of Probate for Marion County in Probate Roll No. 6670, and
 the property herein conveyed is for the use by the grantees as a home site as
 more fully set forth in the aforedescribed Codicil.

Both
 deeds have habendum clauses located after the purpose clause which say:  To
 Have and to Hold all and singular the premises before mentioned unto the said
 Pauline T. Williams [Gracie T. Thurmond], her Heirs and Assigns forever. 
 
Thurmond
 subsequently deeded her parcel to Pauline Williams.  On January 21, 1991, Pauline
 Williams conveyed one tract of her land to A. M. Williams and the other to the
 Wrights.  Neither Thurmond nor Pauline Williams used their respective tracts of
 land as home sites.
On
 August 31, 2005, Lucille commenced suit to quiet title to the two tracts of
 land conveyed to Pauline Williams and Thurmond, now owned by the Wrights and A.
 M. Williams.  Lucille sought to have the trial court declare her the fee simple
 owner of both parcels.  The court denied her claim, explaining:

 When
 [Lucille Taylor] and Edith Taylor conveyed fee simple absolute estate in the
 granting clause by use of clear and plain words of inheritance, the provisions
 inserted in the deeds after the descriptions of the property to the effect that
 the property had to be used as a home site by Gracie T. Thurmond and Pauline T.
 Williams were not conditions subsequent, and the deeds to Gracie T. Thurmond
 and Pauline T. Williams conveyed fee simple absolute estates.

ISSUE

 1.     Did the trial court err in finding
 both deeds conveyed fee simple absolute?

STANDARD OF REVIEW
[T]he
 construction of a clear and unambiguous deed is a question of law for the
 court.  South Carolina Dept of Natural Res. v. Town of McClellanville, 345 S.C. 617, 623, 550 S.E.2d 299, 303 (2001); Gardner v.
 Mozingo, 293 S.C. 23, 25, 358 S.E.2d 390, 392 (1987); Hammond v.
 Lindsay, 277 S.C. 182, 184, 284 S.E.2d 581, 582 (1981).  [I]t is the duty
 of the court to construe deeds and determine their legal effect, where there is
 no such ambiguity as requires parol proof and submission to the jury.   26A C.J.S. Deeds § 168 (2001); Bennett v. Investors Title Ins. Co., 370 S.C.
 578, 590, 635 S.E.2d 649, 655 (Ct. App. 2006).

 Deeds
 are construed to determine the intent of the parties.  To construe a deed, a
 court looks first at the language of the instrument because the court presumes
 it declares the intent of the parties.  When, and only when, the meaning of the
 deed is not clear, or is ambiguous or uncertain, will a court resort to
 established rules of construction to aid in the ascertainment of the grantors
 intention by artificial means where such intention cannot otherwise be
 ascertained.

23 Am.Jur.2d Deeds §
 192 (2002).  [I]f the language of the deed is unambiguous, then its
 interpretation is a question of law to be resolved by the reviewing court without
 resort to extrinsic evidence.  Id.  While a trial courts findings of
 fact in a nonjury action at law should not be disturbed on appeal unless they
 are without evidentiary support, a reviewing court is free to decide questions
 of law with no particular deference to the trial court.  Hunt v. Forestry
 Commn, 358 S.C. 564, 569, 595 S.E.2d 846, 848-849 (Ct. App. 2004).  See Okatie River, L.L.C., v. Southeastern Site Prep, L.L.C., 353 S.C. 327,
 334, 577 S.E.2d 468, 479 (2003) (In an action at law, tried without a jury,
 the appellate court standard of review extends only to the correction of errors
 of law.); Moriarty v. Garden Sanctuary Church of God, 341 S.C. 320,
 327, 534 S.E.2d 672, 675 (2000); Rickborn v. Liberty Life Ins. Co., 321
 S.C. 291, 296, 468 S.E.2d 292, 295 (1996); State Farm Mut. Auto. Ins. Co. v.
 Moorer, 330 S.C. 46, 51, 496 S.E.2d 875, 878 (Ct. App. 1998) (In legal
 actions, our scope of review extends only to the correction of errors of
 law.).
DISCUSSION
Lucille
 asserts the trial court erred in finding the deeds to Pauline Williams and
 Thurmond conveyed the properties in fee simple absolute.  We disagree.
[A]
 complete and absolute estate created in the granting clause cannot be cut down
 by subsequent provisions in the deed.  Abbeville County v. Knox, 267
 S.C. 38, 40, 225 S.E.2d 863, 864 (1976) (citing Stylecraft, Inc. v. Thomas,
 250 S.C. 495, 498, 159 S.E.2d 46, 47 (1968)).  While
 it is a cardinal rule of deed construction that the intention of the grantor
 must be ascertained and effectuated, this intention cannot stand
 if it contravenes some well settled rule of law or public policy.  Hunt
 v. Forestry Commn, 358 S.C. 564, 571-572, 595 S.E.2d 846, 850 (Ct. App.
 2004); Wayburn v. Smith, 270 S.C. 38, 41, 239 S.E.2d 890, 892 (1977).  The South Carolina Court of Appeals will not
 undertake to overthrow a rule of property so long established. Purvis v. McElveen, 234 S.C. 94, 102, 106 S.E.2d 913, 917 (1959); Hunt, 358 S.C. at 571-572, 595 S.E.2d at 850.  This rule of
 construction must be adhered to even if it runs contrary to the express
 intentions of the grantor.  Hunt, 358 S.C. at 572, 595 S.E.2d at 850; Stylecraft, 250 S.C. at 497, 159 S.E.2d at 47. 
 
Our
 Supreme Court best expressed this contention in Creswell v. Bank of Greenwood, 210 S.C. 47, 55, 41 S.E.2d 393, 397 (1947) (quoted in Hunt, 358 S.C. at 572, 595 S.E.2d at 850):

 [I]ntention is unavailing to avoid [a rule
 of law] where words of settled legal import are used and contrary principles
 are encountered. In such cases the intention will be conclusively presumed to
 accord with the established meaning of the words and to conform to the fixed
 rules of construction. Otherwise there would be little stability of land
 titles.

Applying Creswell, this Court in Hunt declared, Upon
 finding that the granting clause of the 1937 deed constitutes a definite grant
 in fee simple, this court must hold that the purpose clause following the
 property description is ineffectual.  358 S.C. at 572, 595 S.E.2d at 850.
In
 this case, the granting clauses each convey a fee simple absolute.  The purpose
 clauses attempting to restrict the property grants to fee simple condition
 subsequent are ineffectual.  While Lucille contends it was the intent of the
 grantors to convey a fee simple condition subsequent to both Pauline Williams
 and Thurmond, this Court will not ignore the clear and unambiguous language in
 the deeds.  Therefore, we find both granting clauses in the deeds to Pauline
 Williams and Thurmond constitute definite grants of fee simple absolute and the
 purpose clauses are of no consequence.
CONCLUSION
For
 the foregoing reasons, the order of the trial court is
AFFIRMED.
ANDERSON, SHORT
 and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.