**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Federal National Mortgage Association ("Fannie Mae"),
Respondent,

v.

Richard C. Ivey a/k/a Richard Curtis Ivey; Crowfield Plantation Community Services Association, Inc.; Unifund CCR Partners Assignee of Palisades, a General Partnership; and CIT Bank, National Association, Defendants,

Of whom Richard C. Ivey a/k/a Richard Curtis Ivey is the Appellant.

Appellate Case No. 2018-000539

Appeal From Berkeley County
Dale Edward Van Slambrook, Master-in-Equity

Unpublished Opinion No. 2021-UP-013
Submitted November 2, 2020 – Filed January 20, 2021

**AFFIRMED**

John R. Cantrell, Jr., of Cantrell Legal, PC, of Goose Creek, for Appellant.

James Derrick Jackson, of Tobias G. Ward, Jr., PA, and Louise Myers Johnson, of Scott and Corley, P.A., both of Columbia, for Respondent.

---

**PER CURIAM:** In this case arising out of a foreclosure, Richard C. Ivey (Ivey) appeals the Master's order denying his motion for sanctions against Federal National Mortgage Association (Fannie Mae). Ivey's sanctions motion alleged Fannie Mae violated Rule 11, SCRCP, by filing an improper Rule 40(j), SCRCP motion and also committed contempt of court by disobeying the South Carolina Supreme Court's Mortgage Foreclosure Actions Administrative Order No. 2011-05-02-01 (AO). Ivey argues (1) the Master's order contained factual errors, (2) the Master erred in refusing to sanction Fannie Mae for their improper Rule 40(j) motion, and (3) the Master erred in refusing to hold Fannie Mae in contempt of court for not complying with the AO. We affirm pursuant to Rule 220(b), SCACR, because we must reluctantly conclude Ivey abandoned his issues on appeal. *See* Rule 208(b)(1)(E), SCACR (requiring citation of authority in the argument portion of an appellant's brief); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting when a party fails to cite authority or when the argument is simply a conclusory statement in its brief, the party is deemed to have abandoned the issue on appeal); *Hunt v. Forestry Comm'n*, 358 S.C. 564, 573, 595 S.E.2d 846, 851 (Ct. App. 2004) ("Issues raised in a brief but not supported by authority are deemed abandoned and will not be considered on appeal."); *Bochette v. Bochette*, 300 S.C. 109, 112, 386 S.E.2d 475, 477 (Ct. App. 1989) ("An appellant may not use either oral argument or the reply brief as a vehicle to argue issues not argued in the appellant's brief.").

**AFFIRMED.**[1]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.